SAMUEL T. DAVIDSON, DEFENDANT IN ERROR, v. GERMAN INSURANCE COMPANY, OF FREEPORT, ILL., PLAINTIFF IN ERROR.

Submitted July 9, 1906—Decided March 4, 1907.

1. Under the cancellation clause in a standard policy of fire insurance the company is not required to pay or tender the unearned premiums in order to bring about a cancellation of the policy.
2. Notice to effect cancellation need not be in writing. It may be verbal or oral. No particular form of notice is prescribed. It is only necessary that the company positively, distinctly and un-

equivocally indicate to the insured that it is its intention that the policy shall cease to be binding as such upon the expiration of five days from the time when its intention is made known to the insured.

On error to the Bergen Circuit Court.

For the plaintiff in error, *Cowles & Carey.*

For the defendant in error, *Addison Ely.*

The opinion of the court was delivered by

GARRETSON, J.    The plaintiff had a policy of insurance in the defendant company.    He suffered loss by fire, and sued upon the policy to recover the amount of that loss.    Two defences were interposed—*first,* that the defendant had canceled the policy before the fire occurred; *second,* that the plaintiff did not suffer the loss claimed.

Judgment having gone for the plaintiff, the defendant sued out this writ of error.

The policy, which was of the standard form, contained the following clause:    "This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation.    If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on the surrender of this policy or last renewal, this company retaining the customary short rate, except that when this policy is canceled by this company by giving notice, it shall retain only the pro rata premium."

The errors alleged arise out of the construction of this clause by the trial judge in his charge and his refusal to charge certain requests of the defendant.

He charged, in substance, that in addition to notice of cancellation, it was necessary for the defendant, at the time notice was given, to repay or tender the unearned premium in order to effect a cancellation.    He refused to charge "the defendant was not bound to tender a return of the unearned premium until the policy was surrendered or offered to be surrendered."

The action of the trial judge followed the case of *Tisdell* v. *New Hampshire Fire Insurance Co.,* 155 *N. Y.* 163; 49 *N. E. Rep.* 664.

The Tisdell case was decided by the Court of Appeals on a vote of four to two. The prevailing opinion was delivered by Judge Bartlett, and the opinion, with reference to this same cancellation clause, does not discuss it, but only says: "The question presented on this appeal is no longer an open one in this court. It was decided in the case of *Nitsch* v. *Insurance Company,* 152 *N. Y.* 635, affirmed in this court without an opinion. In that case, as in this one, the question presented was whether the provision of the New York standard policy of fire insurance relating to the cancellation of a policy at the instance of the company requires that, in addition to giving the five days' notice, the company must return or tender the unearned premiums in order to effect a cancellation. The answer was in the affirmative. The only question presented for consideration in this case, therefore, is whether the defendant returned or tendered the unearned premium," and the opinion then goes on to discuss that question.

The dissenting opinion by Chief Judge Parker in the Tisdell case seems to us to properly construe the cancellation clause in question. He says: "It is the rule that if the language of a statute or contract, read in the order of its clauses, presents no ambiguity, courts will not attempt, through transposition of clauses or ingenious argument as to the general intent, to qualify by construction its meaning. *Doe* v. *Considine,* 6 *Wall.* 458.

"The first sentence provides for the cancellation of a policy. It declares that 'it shall be canceled * * * by the company by giving five days' notice of such cancellation.' In other words, the underwriter, by its contract, reserves to itself the right to cancel the contract of insurance by a notice of five days. Nothing else is provided to be done. Notice alone shall be sufficient, says the contract. The language is unambiguous. It admits of no debate and requires no construction. Words more apt to accomplish a cancellation of a policy by the giving of the five days' notice cannot well be

imagined. Having provided for the cancellation of the policy either by the request of the insured or upon notice given by the company, the next clause of the agreement proceeds to make disposition of the unearned premium in the event of the exercise of the option to cancel by either of the parties. The opening phrase of the clause shows that what follows proceeds upon the assumption that the policy shall have been canceled before occasion arises for acting under its provisions. It reads: 'If this policy shall be canceled as hereinbefore provided [referring necessarily to the company's five days' notice] the unearned portion of the premiums shall be returned.' When? At the time of the giving of the five days' notice of cancellation? Not at all. 'On the surrender of the policy' is the occasion fixed by the contract for its return. The scheme of this portion of the contract, then, is to provide, first, for the cancellation of the policy. That is to be accomplished by the simple request of the insured if he desires to cancel it, or by five days' notice on the part of the company if it desires to terminate its obligations under the policy. The policy having been put an end to by cancellation at the insistence of one party or the other, then the situation of the parties is such that the company has in its possession certain premiums which it has not earned, and which it does not desire to earn, and the other party has in his possession a policy of insurance, no longer, of course, of use to him, and of no particular value to the company, except that when it finally comes into the company's possession it, of itself, furnishes evidence that the unearned premiums have been paid to the insured. With this situation, then, the agreement undertakes to deal, and it provides that upon the surrender of the policy the unearned premium, whether at short rate or pro rata premium, depending upon which party brought about the cancellation, shall be returned to the insured. Practically, it says to the insured: 'You return the policy to the place where you got it from and the company will at once turn over the unearned premium to which you are entitled under this contract.' This agreement is so clearly expressed that there does not seem to be opportunity for insisting that

the language means something quite different from what is suggested to the mind upon the first reading. And still other readings will not prompt the thought that there is possibly any ambiguity."

In *Schwarzchild* v. *Phœnix Insurance Co.*, 124 *Fed. Rep.* 52, the same construction was given to this clause.

See, also, *Insurance Company* v. *Brecheisen,* 50 *Ohio St.* 542; *El Paso Reduction Co.* v. *Hartford Fire Insurance Co.*, 121 *Fed. Rep.* 937.

The trial judge also charged the jury: "You will notice that the policy says that the company may cancel it by giving five days' notice of such cancellation. Now, did it give him five days' notice? It will not do for a company simply to go to an insured and say, 'Your policy is canceled.' That is not right. The object of that clause is that it shall give the insured five days' notice, evidently, so that during the five days he may protect himself by some other insurance. Consequently it will not do for an insurance company to say to us, 'Your policy is canceled.' It is no cancellation at all. It cannot be under this written contract, unless the parties agree otherwise to cancel it, without the company giving him five days' notice. Now, what was the cancellation, or attempted cancellation, in this case? Was it a notice that 'your policy will be canceled in five days?' or was it simply a notice that 'your policy is already canceled?' If it was the latter, it is not a cancellation, nor would it be a cancellation unless they tendered the unearned premium."

An exception was taken to this part of the charge. The words used in the clause are: "This policy shall be canceled at any time at the request of the insured, or by the company by giving five days' notice of such cancellation." The notice is not required to be in writing. It may be verbal or oral. No particular form of notice is prescribed. It is only necessary that the company positively, distinctly and unequivocally indicate to the insured that it is its intention that the policy shall cease to be binding as such upon the expiration of five days from the time when this intention is made known to the insured. And it does not matter whether this information is

conveyed by the use of the words "Your policy will be can-
celed in five days" or "Your policy is already canceled."
    The judgment below is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRI-
SON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE,
REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN,
GRAY, DILL, J.J.    16.