PARSONS & ARBAUGH ET AL. v. NORTHWESTERN NATIONAL INS. CO., Appellants.

Insurance: CANCELLATION OF POLICY: SUBSEQUENT LIABILITY. Under a policy of insurance providing for cancellation at the request of the holder and return of the unearned premium, upon surrender of the policy, an assured who has surrendered his policy requesting cancellation cannot recover for a subsequent loss on the ground that the unearned premium has not been repaid to him.

*Appeal from Van Buren District Court.*— HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, MARCH 6, 1907.

THE defendant issued its policy of insurance to the plaintiff for a term of one year commencing December 1, 1904, covering a stock of merchandise. The entire premium was paid. On January 31, 1905, plaintiff "delivered and surrendered up" the policy to the agent who took the application with the request and demand that it be canceled and the balance of the unearned premium returned to plaintiff. On the same day the agent mailed the policy to the company accompanied with a letter requesting that the policy be canceled and the portion of the premium due plaintiff be returned. The policy was received by the company the following day and immediately indorsed "canceled," and filed

with canceled policies. The vice president then caused a letter to be written to the agent saying that the policy had been canceled, that the return premium would be $21, less his commission, and requesting him to pay plaintiff and retain the same from his next remittance to the company. The property was destroyed by fire February 6, 1905, and some days later the company tendered to plaintiff the unearned premium which was refused. Appropriate proofs of loss were served. Upon the foregoing facts being stipulated, and the extent of the loss proven, judgment was entered as prayed. The defendant appeals.— *Reversed.*

*Carr, Hewitt, Parker & Wright* and *Wherry, Walker & McBeth,* for appellant.

*W. S. Allen* and *Mitchell & Hunter,* for appellees.

LADD, J.— The policy of insurance was surrendered to the company for cancellation by the insured several days before the fire and by it accepted for that purpose, but the unearned premium had not been returned. The insured had done all he could to effect the cancellation of the policy prior to the loss and so had the company, save that the unearned premium had not been actually paid to the insured. Though the assent of two is required to make a contract, one can terminate it. To facilitate doing so is the object of provisions concerning cancellation contained in insurance policies for these are not needed where parties can mutually agree. The policy in suit contained the following paragraph: " This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion will be returned on the surrender of this policy or at the last renewal, this company retaining the customary

short rate; except that when this policy is canceled by this company by giving the notice 'it shall return the pro rata premium." The insured having so requested, cancellation necessarily followed. He could do no more save surrender the policy. Having done so, the contract was canceled — was at an end. Surely the company may not, by delay in remitting the unearned premium, continue the policy in force against the demand of the insured. If so, is the amount to be returned to be computed from the day of the request or that when the remittance is made? If he procures other insurance shall it be invalidated because the policy surrendered has been continued in effect by the company's neglect to remit? The language of the paragraph quoted plainly indicates that the unearned premium is to be returned as a consequence of cancellation and not as a condition precedent. "If this policy shall be canceled as hereinbefore provided"— that is, "at the request of the assured "—. . . "the unearned premium will be returned on the surrender of this policy."

The request is all that is essential to a cancellation, but the policy must be surrendered to secure the return of the unearned premium. The design of the paragraph was to enable one party to the contract to cancel it without the consent of the other, and, to this end, precisely what was necessary to accomplish this result was prescribed. Section 1745 of the Code requires the Auditor of State to refuse authority to insurance companies to do business in the State unless the form of policy issued shall " provide for the cancellation of the same at the request of the insured upon equitable terms, and the return to the insured of any premiums in excess of the customary short rates for insurance up to the time of cancellation." This cannot be construed as a provision to hamper the insured in ridding himself of an undesirable contract by placing it in the power of the insurance companies to postpone cancellation indefinitely by failure to make return of the unearned premiums. The object had

in its enactment was to prevent unconscionable exactions from the insured for the time the policies have run and to fix his right to cancel the policy whenever he so elects. It is in no way inconsistent with our interpretation of this policy, which is both reasonable and necessary to give effect to the manifest purpose of enabling the insured to cancel without the consent of the company. Our conclusion finds support in principle in the following cases: *Crown Point Iron Co. v. Ins. Co.*, 127 N. Y. 608 (28 N. E. 653, 14 L. R. A. 147); *Bingham v. Insurance Co.*, 74 Wis. 498 (43 N. W. 495); *Insurance Commissioner v. Insurance Co.*, 68 N. H. 51 (44 Atl. 82); *Farmers' Mutual Ins. Co. v. Phenix Ins. Co.*, 65 Neb. 14 (90 N. W. 1000); *Miller v. Insurance Co.*, 54 W. Va. 344 (46 S. E. 181); *Farmers' Mutual Ins. Co. v. Wenger*, 90 Pa. 220. See *Colby v. Insurance Co.*, 66 Iowa, 577. As the policy had been canceled the company was not liable for the loss.— *Reversed.*