WEBB *v.* GRANITE STATE FIRE INSURANCE CO.

INSURANCE — FIRE INSURANCE — MICHIGAN STANDARD POLICY — CANCELLATION.

Under the provisions of a Michigan standard fire insurance policy, permitting the insurer to cancel the contract on five days' notice, the *pro rata* part of the premium paid to be returned on surrender of the policy, a notice of cancellation by the insurer to insured terminates the obligation after the specified time, without any tender of the unearned premium.

Error to Otsego; Sharpe, J. Submitted October 10, 1910. (Docket No. 29.) Decided December 30, 1910.

Assumpsit by Josiah Webb, against the Granite State Fire Insurance Company, upon a policy of insurance. Judgment for plaintiff; defendant brings error. Reversed and no new trial ordered.

*Lehman, Riggs & Lehman,* for appellant.

*Nelson C. Weter,* for appellee.

Brooke, J. Plaintiff held a Michigan standard fire insurance policy in defendant company, covering his stock of goods. The policy was issued September 5, 1908, and contained the following provision:

"This policy shall be canceled at any time, at the re-quest of the insured; or by the company, by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the un-earned portion shall be returned, on surrender of the policy, or last renewal, this company retaining the custom-ary short rate; except that when this policy is canceled by this company, by giving notice, it shall retain only the *pro rata* premium."

On September 21, 1908, defendant caused to be sent to plaintiff (the receipt of which is admitted) the following notice of cancellation:

                                                    "Sep. 21, 1908.

"*Dear Sir:*  You are hereby notified that policy No. 682358 of the Granite State Fire Insurance Company is canceled by said company. As said policy is void by reason of irregularity of issue and this notice of cancella-tion, in order to protect your property other insurance must be secured. Please return policy in enclosed envel-ope.

                          "Yours very truly,
            "The James A. Jones Agency, Inc., G. A.
            "A. M. Arenz, Secy. & Treas."

Plaintiff's loss occurred January 19, 1909. Payment having been refused, plaintiff brought suit upon the policy.

Upon the question of cancellation, the court charged the jury as follows:

"I construe this policy to mean that, if the company desired at any time to cancel it, they had a right to and without assigning any reason for its cancellation. But as a condition precedent to terminating the policy, to ending their liability under the policy, they must tender to the person insured the amount of the unearned premium."

The first question which presents itself for consideration is whether or not the learned circuit judge was correct in his construction of the clause in the policy relating to cancellation. The language of the clause is, it seems to us, plain and without ambiguity.

"This policy shall be canceled at any time, at the request of the insured; or by the company, by giving five days' notice of such cancellation."

These words, and these alone, provide for the method of cancellation. What follows in the same paragraph is a new sentence, and deals with the rights of the parties after cancellation.

"If this policy shall be canceled as hereinbefore provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned, on surrender of the policy, or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company, by giving notice, it shall retain only the *pro rata* premium."

This language, so far from indicating that the unearned premium must be tendered or returned as a condition precedent to cancellation, states exactly when it shall be returned, to wit, "on surrender of the policy." We have no hesitation in holding that the cancellation is complete when the notice provided for by the contract is given, and that thereafter the relation of the parties is changed from that of insurer and insured to that of debtor and creditor. If this construction imposes any hardship upon the insured in that he may not be at once able to reinsure because the company may not promptly return to him the unearned premium, it must be said that this hardship is one of his own creation. It flows directly and necessarily from the contract. If this contract requires amendment for the proper protection of the insured, relief must be sought from the legislature. The court is without authority to make contracts.

This identical clause has been construed by several courts in harmony with the above conclusion. *Davidson*

v. *Insurance Co.*, 74 N. J. Law, 487 (65 Atl. 996, 13 L. R. A. [N. S.] 884); *El Paso Reduction Co.* v. *Insurance Co.* (C. C.), 121 Fed. 937; *Schwarzschild, etc., Co.* v. *Insurance Co.*, 124 Fed. 52, 59 C. C. A. 572; *Insurance Co.* v. *Brecheisen*, 50 Ohio St. 542 (35 N. E. 53); *Parsons & Arbaugh* v. *Insurance Co.*, 133 Iowa, 532 (110 N. W. 907); *Newark Fire Insurance Co.* v. *Sammons*, 11 Ill. App. 230. In *Tisdell* v. *Insurance Co.*, 155 N. Y. 168 (49 N. E. 664, 40 L. R. A. 765), the contrary view was held by a bare majority of the court. The dissenting opinion, to which attention is directed, was written by Chief Justice Parker, and his reasoning upon the question has been frequently quoted with approval by other courts. In our own court, the cases of *McGraw* v. *Insurance Co.*, 54 Mich. 145 (19 N. W. 927), and *Hillock* v. *Insurance Co.*, 54 Mich. 531 (20 N. W. 571), cited by appellee, have no application, for the reason that the policy contract considered in those cases provided that—

" The companies reserve to themselves the right, at any time and for any cause, to return the assured the unexpired premium *pro rata*, which shall have the effect to cancel and annul this policy."

This provision is quite unlike the one here under consideration, and clearly made the return of the premium a condition precedent to cancellation.

The motion to direct a verdict in favor of the defendant should have been granted. The judgment is reversed, and, inasmuch as the sending and receipt of the notice of cancellation is admitted, no new trial will be ordered.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.