SECOND DISTRICT—OCTOBER, 1913.        71

National Hotel Co. v. Merchants' Fire A. Corp, 183 Ill. App. 71.

## National Hotel Company, Appellee, v. Merchants' Fire Assurance Corporation of New York, Appellant.

### Gen. No. 5,764.

1. INSURANCE, § 150*—*when payment of premium to broker is payment to insurer.* Where an insurance company delivers its policy to the insured through brokers to whom the insured pays the premium, the company is liable on the policy though it does not receive the premium paid, where the facts show that it clothed such brokers with apparent authority to receive the premium from the insured.

2. INSURANCE, § 187*—*what essential to enable insurer to cancel policy.* Notice to insured of the cancellation of a policy within five days without returning the unearned premium, *held* ineffective.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

CHARLES B. OBERMEYER and PAGE, WEAD, HUNTER & SCULLY, for appellant.

GILES E. KEITHLEY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Under date of May 10, 1911, the Merchants' Fire Assurance Corporation of New York issued a policy to the National Hotel Company, insuring the National Hotel against fire for three years in the sum of $2,500, and sent said policy to insurance brokers in Peoria, who are variously named in the correspondence herein but will here be called the agents. The agents delivered the policy to the insured a day or two later, and on May 22, 1911, the insured paid the premium, $85, to the agents. Thereafter a controversy arose between the agents and the insurance company as to the amount of the agents' commissions, and the insurance

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

company did not accept what the agents remitted, and after a lengthy correspondence between the insurance company and the agents, the insurance company, on August 28, 1911, mailed a notice to the insured of the cancellation of said policy after five days from that date, and on September 12th the insurance company notified the insured that the policy was cancelled.

No premium was returned to the insured. The insured notified the insurance company that it should treat the insurance as in full force. On November 12, 1911, the insured property was destroyed by fire. It was worth over $100,000. The total insurance thereon was $90,000. If this policy was in force, the insurance company was indebted to the insured for the full amount of the policy. Proofs of loss were duly made. The insurance company refused to pay and this suit was brought upon the policy. The insurance company pleaded *non assumpsit,* and that the policy had been cancelled, and those pleas were traversed. The cause was tried without a jury upon a stipulation as to the facts and upon the policy and upon certain correspondence. The insurance company presented and the court refused propositions of law, holding in effect that the agents were not agents of the insurance company, that payment of the premium to them was not payment to the insurance company, and that under the facts the policy was cancelled before the fire, and that the insurance company was not liable to the insured. The court found for the insured and judgment for $2,500 was entered against the insurance company and the latter appeals.

Under date of April 27, 1911, appellant wrote the agents a letter from New York City, the body of which is as follows:

"Replying to yours of the 25th inst., would state that we are at present only represented at Chicago and do not contemplate extending our agency appointments beyond that point. Should you from time to time have any insurance to place on risks of large

value, that is to say, carrying insurance of $50,000 or over, we would be glad to have you submit applications to this office by letter and, if acceptable, will send you policy which will, of course, be signed by our Chicago agents as a matter of form to comply with the law. All details in connection with the payment of the premium, etc., will be handled directly with this office.''

Under date of May 5, 1911, the agents wrote appellant a letter, portions of which, relating to the National Hotel, are as follows:

''We have line of $5,000, expiring May 10th for the above assured and herewith hand you forms for your policy in that amount.　*　*　*　We would like to be able to show our signature as agents, either below or on the form of the policy. This for the reason that we do not like to have the assured know that we sent off for their insurance.''

Under date of May 8, 1911, the insurance company wrote the agents a letter, a portion of which is as follows:

''Replying to yours of the 5th instant, would state that we can accept $2,500 for three years on the National Hotel as per forms you have sent us, and you can consider that amount as held binding from May 10th; policy will be sent you as soon as possible. We cannot make any arrangements whereby you can sign, as our agents, as this could only be done were you regularly commissioned as an agent.　*　*　*　Commission on the National Hotel line will be 15 per cent.''

Under date of May 10, 1911, the insurance company sent the agents the policy in question, using the following language:

''We enclose herewith Merchants' policy No. 50025 for $2,500 covering the National Hotel Company, written for three (3) years, expiring May 10th, 1914.''

Thereafter much correspondence followed between appellant and the agents concerning their commissions upon this policy. The agents claimed twenty-five per

cent. and remitted the premium, deducting that amount. Appellant refused to accept the remittance and insisted that the commissions should be fifteen per cent. The agents offered to compromise on twenty per cent. and this was rejected. During nearly four months that this controversy was pending between the agents and appellant, appellant did not notify appellee that the premium had not been remitted to appellant, and when on August 28th appellant notified appellee of the cancellation of the policy in five days, it only impliedly informed appellee the premium had not been received by requesting the remittance of $9.05, the earned premium, and adding that if payment of the full premium was made within the five days, the notice of cancellation might be regarded as void. To this appellee replied under date of August 30 that it had paid the premium on May 22 to the agents and asked appellant to "take this matter up with your agents." To this appellant replied on September 12 that said agents were not the agents of the insurance company, but were brokers, and appellee replied on September 14, 1911, that it was in possession of letters written by appellant to the agents which contradicted the present claim of appellant that these were not the agents of the insurance company.

Said agents had never been authorized by appellant to act generally as the agents of appellant. They were insurance brokers and were agents for some companies and placed part of this insurance in companies for which they were general agents and then sought other insurance to make out the required amount. The letter of April 27, 1911, above quoted, shows that the insurance company requested said agents to submit applications for such insurance as this was, and the agents did submit this application pursuant to that suggestion. Appellant issued a policy for one-half of the amount requested and sent said policy to said agents and undoubtedly intended that said agents

should collect the premium. The statement by the insurance company in its letter of May 8 to the agent would naturally be understood to mean that the agents should deduct fifteen per cent. from the premium. In later letters the insurance company did not tell the agents that they ought not to have collected the premium, but only that they should not have deducted twenty-five per cent. from the premium for commissions. From May 10 to August 28 appellant gave appellee no notice that the premium had not been paid to it by the payment which appellant knew had been made to the agents. In *Lycoming Fire Ins. Co. v. Ward,* 90 Ill. 545, insurance had been obtained through a broker, as here, and the premium was not paid to the company, and liability upon the policy was sustained, and the Supreme Court said: "While he may not have been, in fact, the agent of the company, still, the company, by placing the policy in the hands of the street broker for delivery, is estopped from claiming that the payment made to him upon delivery of the policy is not binding upon the company." In *Sun Mut. Ins. Co. v. Saginaw Barrel Co.,* 114 Ill. 99, where the policy was sent through insurance brokers, who collected the premium but did not pay it to the insurance company, liability upon the policy was sustained and the court held that it was a question of fact from the previous course of dealing and from all the circumstances whether said brokers were authorized by the insurance company to receive the premium. In *Gosch v. State Mut. Fire Ins. Ass'n,* 44 Ill. App. 263, where a direct verdict of nonliability was reversed, though the company never received the premium, it was held that the delivery of a policy of this kind to a person apparently clothes him with authority to receive the premium. In *Union Ins. Co. v. Chipp,* 93 Ill. 96, insurance through a broker was sustained and the broker was treated as being in some respects the agent of the company and in other respects the agent of the owner. In

76 APPELLATE COURTS OF ILLINOIS.

National Hotel Co. v. Merchants' Fire A. Corp, 183 Ill. App. 71.

*Newark Fire Ins. Co. v. Sammons,* 110 Ill. 166, the policy made the broker the agent of the assured and not of the company, and a cancellation had been attempted by notice to the broker, and the court held that the clause of the policy that the broker was the agent of the assured could not overcome the fact that the broker acted as agent of the insurance company, if in fact he did so act. Under the facts above stated and the foregoing authorities, we are of opinion that the court was warranted in finding that the agents were clothed with apparent authority to receive the premium from appellee for appellant and that appellee therefore paid appellant the premium in full for the three years.

The policy sued upon authorized the company to cancel the policy upon five days' notice, and required the company, in such case, to return the unearned pro rata premium. No premium was returned or offered to appellee. In *Hartford Fire Ins Co. v. McKenzie,* 70 Ill. App. 615, we held that in such case the cancellation is not effected until the insurance company returns the paid and unearned premium to the insured. We there cited the decisions of the Supreme Court of this State sustaining that position. We also so held in *Hartford Fire Ins. Co. v. Tewes,* 132 Ill. App. 321. To the same effect is *Peterson v. Hartford Fire Ins. Co.,* 87 Ill. App. 567. The principles as to cancellation laid down in the case last cited were not disturbed in the review of that case in *Hartford Fire Ins. Co. v. Peterson,* 187 Ill. 395, and 209 Ill. 112, and liability upon the policy was sustained. As the unearned part of the premium paid by appellee in the case at bar was not returned, and it refused to accept the cancellation, the cancellation was not effected and appellant remained liable.

The judgment is therefore affirmed.

*Affirmed.*