MOLYNEAUX *v.* ROYAL EXCHANGE ASSURANCE OF
LONDON.

1. INSURANCE—CANCELLATION—NOTICE—CONDITION PRECEDENT.
   Under the provision in the Michigan standard fire insurance policy providing for its cancellation by the insurer, a tender of the excess premium or a promise to pay it on demand is a condition precedent to the cancellation.[1]

2. SAME—CANCELLATION NOT EFFECTIVE IF PAYMENT OF EXCESS PREMIUM WITHIN FIVE DAYS REFUSED.
   If proper notice is given, but demand for payment of excess premium within five days is refused, the cancellation does not become effective.[2]

3. SAME—NOTICE OF CANCELLATION—SUFFICIENCY.
   A notice of cancellation of a fire insurance policy which did not tender the excess premium, but stated that it was held subject to the order of a third party, was not a sufficient notice to effect a cancellation.[3]

Error to Bay; Houghton (Samuel G.), J. Submitted June 10, 1926. (Docket No. 61.) Decided July 22, 1926.

Assumpsit by Alexander Molyneaux and another against the Royal Exchange Assurance of London on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Stoddard & McMillan,* for appellant.

*Kinnane & Leibrand,* for appellees.

McDONALD, J. The plaintiff, Alexander Molyneaux, recovered a verdict and judgment of $1,146.41 in the court below on a fire insurance policy issued

---

[1]Fire Insurance, 26 C. J. § 166; [2]Id., 26 C. J. § 169 (Anno); [3]Id., 26 C. J. § 166.
   Return of premium as condition of cancellation of insurance, see notes in 13 L. R. A. (N. S.) 884; L. R. A. 1916F, 444.

by the defendant. The policy insured him against loss by fire to the extent of $1,000 on his dwelling house and $200 on its contents. The suit was brought to recover for three losses. One July 4, 1924, for loss to household goods $112.35; July 13, 1924, a loss of $27 to his building; on March 18, 1925, loss by fire to the building, $1,327.13, and to personal property $296.60. Before this last fire the defendant company had given written notice of the cancellation of the policy which it claims had become effective before March 18, 1925, and because of that fact denies liability for the loss. As to the loss of July 13, 1924, the defendant denies liability on the ground that it was not caused by fire, and as to the loss of July 4, 1924, it admits liability for $12.35, and denies that the goods representing the balance of the loss were covered by the policy. The plaintiffs had a judgment for $1,146.41. The defendant brings error.

The principal question involved is whether the policy was canceled before the fire of March 18, 1925? The policy in question is the Michigan standard policy. It contains the following stipulation as to cancellation:

"This policy may be canceled at any time by the company by giving to the insured a five days' written notice of cancellation with or without tender of the excess of paid premium above the *pro rata* premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

It is the plaintiff's construction of this stipulation that the payment or tender of the unearned premium is a condition precedent to the cancellation of the policy. He cites many conflicting cases, but claims that the current authority supports his construction. This stipulation can be interpreted without reference to any of the decided cases. Its language is plain

and unambiguous.    It expressly states that the cancellation of the policy may become effective *"with or without tender of the excess of paid premium."*    The only condition with reference to the excess premium is that it "shall be refunded on demand."    If the proper notice, including a promise to pay the excess premium on demand, is given and no demand is made during the five days following the service of notice, the cancellation becomes effective.    If, however, the demand is refused during that time, the cancellation does not become effective, because the excess premium must be paid on demand, and if refused after notice and before the notice ripens into a cancellation, the company has not complied with the conditions of the stipulation.    If it desires to exercise its right of cancellation it can only do so upon strict compliance with the stipulations of the policy which require either a tender of the excess premium or a promise to pay it on demand.    Whichever course the company adopts is a condition precedent to the cancellation.

In this case it is claimed that, immediately after receiving notice of the cancellation of his policy, the plaintiff demanded the excess premium and was refused.    This is denied by the defendant.    The court submitted that question to the jury.    They found for the plaintiff.    But that is not the controlling question in the case.    In our judgment, the court might properly have held as a matter of law that there was no cancellation because of the insufficiency of the notice. It is admitted by the plaintiff that he received the following notice:

"Mr. Alex Molyneaux,
   510 Jennison Street,
      Bay City, Michigan.
   *"Dear Sir:* Notice is hereby given that subject to loss pending Royal Exchange Assurance Corporation hereby gives five (5) days' notice of cancellation of policy No. 5853356 issued through the Exchange

Underwriter Department covering one thousand ($1,000) dollars on frame dwelling and two hundred ($200) dollars on household goods.

> "Yours very truly,
> "A. N. MacDougall,
> Special Agent.

"P. S.—Return premium held subject to order of Otto C. Phillips of Bay City, Michigan."

The stipulation as to notice of cancellation requires that:

"Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

The notice in question does not so state. On the contrary, it states in effect that the excess premium will not be paid unless Mr. Phillips of Bay City orders it. In other words, the plaintiff is told that he cannot have the excess premium on demand, but must go to Mr. Phillips for an order; that if Mr. Phillips gives him the order it will be paid, and that if he does not it will not be paid. This was in no sense a compliance with the statutory stipulation of the policy relative to notice of cancellation. The notice must either tender the excess premium or promise to return it on demand. This notice did neither. It was not sufficient to effect a cancellation. There was no cancellation. *Artificial Ice Co.* v. *Reciprocal Exchange,* 192 Iowa, 1133 (184 N. W. 756).

The defendant's assignments of error present some questions relative to the loss alleged to have occurred on July 27, 1924. It is conceded that the plaintiffs' loss from the fire of March 18, 1925, was greater in amount than that covered by the policies or by the verdict. In view of that fact, if the other loss were eliminated the plaintiff would still have a loss over the amount of this policy. So that if the other loss were disallowed, it would not affect the amount of the

verdict.    For this reason we do not discuss the other assignments.

The judgment of the circuit court is affirmed, with costs to the plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.