## CAMDEN FIRE INS. ASS'N v. JENNINGS.
### No. 1538.

Court of Civil Appeals of Texas. Eastland.

April 3, 1936.

Cox & Hayden, of Abilene, for appellant.
L. R. Pearson, of Ranger, for appellee.

GRISSOM, Justice.

An agent for the Camden Fire Insurance Association at Ranger, Tex., on December 8, 1932, issued to Buster Jennings a fire insurance policy on Jennings' house, and a fire insurance policy for $500 on his furniture, etc. The expiration date of said policies was December 8, 1933. The house and furniture was destroyed by fire April 20, 1933. It is undisputed that Jennings instructed said agent, on March 21, 1933, to cancel these policies and the agent agreed to do so. Said agent immediately after being so notified by Jennings did formally cancel and return to his company the policy covering Jennings' house. Jennings was indebted to the agent, and the agent, for personal reasons, did not mark the policy covering the furniture "cancelled," nor did he return it to the company, but retained possession of it until after the fire. Immediately after the fire he formally canceled the furniture policy and returned it to his company. Jennings did not know that the agent had not formally canceled and returned the furniture policy, but thought he had done so. He first learned of this action of the Camden agent after the fire.

After Jennings had surrendered his policies to the Camden agent and instructed the agent to cancel them, he procured a fire insurance policy covering his house and furniture from the National Fire Insurance Company. This policy insured his furniture for the sum of $1,000. It is the theory and contention of the appellee Jennings, as disclosed by the evidence, that in settling with the National Company for the loss of his furniture he was compelled to accept, and the National Company's legal liability was reduced to, $666.66, instead of the $1,000 provided for in the face of the policy, by reason of the failure of the Camden agent to formally cancel and return the policy to his company.

Upon a trial before the court, judgment was rendered for Jennings against the appellant for $333.33. The judgment was evidently based upon the stated theory of the appellee.

The Camden policy covering the furniture contained the following provision: "This policy shall be cancelled at any time at the request of the insured." As heretofore stated, the agent who issued the policy was requested by the insured to cancel it, and he agreed to do so. The policy was in the possession of the agent; whether it was delivered to him for the express purpose of cancellation or whether it had always been in his possession is not definitely established, but, we do not think this is material. At the time appellee requested its cancellation the policy was in the agent's hands, so that he could have immediately marked it canceled and returned it to his company. We think when Jennings requested the cancellation that such request legally effected a cancellation of the policy instantly without any formal action on the part of the agent. This is true by virtue of the quoted provision of the policy to that effect. It may also be true that the agent's assent to the request operated as a cancellation by mutual consent, and would have so operated without such stipulation in the policy. 26 C.J. § 176, p. 147.

"The surrender of a policy, with a request that it be terminated, operates ipso facto as a cancellation, where the policy provides that the 'insurance may be terminated at any time at the request of the assured.'" 14 R.C.L. § 196, pp. 1016, 1017. Crown Point Iron Co. v. Ætna Ins. Co., 127 N.Y. 608, 28 N.E. 653, 14 L.R.A. 147.

"If the policy is returned to insurer with a request that it be cancelled, or even if an unequivocal request for cancellation is made without surrendering the policy, the policy is ipso facto cancelled without any affirmative act on the part of the insurer." 26 C.J. § 173, p. 146.

"No formal cancellation or physical defacement of the policy is required. Atlantic Ins. Co. v. Goodall, 35 N.H. 328; Crown Point Iron Co. v. Ætna Ins. Co., 127 N.Y. 608, 28 N.E. 653, 14 L.R.A. 147 (aff. 53 Hun, 220, 2 Silv.Sup. 15, 6 N.Y.S. 602); Roberta Mfg. Co. v. Royal Exch. Assur. Co., 161 N.C. 88, 76 S.E. 865." 26 C.J. p. 146, note.

"As a general rule, a policy may be cancelled pursuant to an unequivocal notice by the insured that he desires the cancellation." 24 Tex.Jur. § 59, p. 753.

"No consent of the insured is essential. No meeting of minds is required. No act on his part is necessary. The contract, through the force of its own provisions, is ended by the action of the insurer only." Crown Point Iron Co. v. Ætna Ins. Co., 127 N.Y. 608, 28 N.E. 653, 655, 14 L.R.A. 147.

"Counsel contends that, even assuming the notice of cancellation was sufficient in form, nevertheless it was ineffective to terminate the contract, because the defendant

did not give 'immediate attention' to a cancellation of the policy, as requested, or take steps to cancel the policy. That argument proceeds upon the assumption that subsequent to a notice of cancellation received by an insurer from an assured, some affirmative act on the part of the insurer is necessary to terminate the contract. The answer to the suggestion is twofold." Gately-Haire Co., Inc., v. Niagara Fire Ins. Co. of City of New York, 221 N.Y. 162, 116 N.E. 1015, 1016, Ann.Cas.1918C, 115.

We construe the opinion in the case of Parsons & Arbaugh et al. v. Northwestern Nat. Ins. Co., 133 Iowa, 532, 110 N.W. 907, by the Supreme Court of Iowa, as deciding, in effect, that where an insurance policy contains the provision for cancellation by assured found in this case, the policy is instantly canceled upon request of assured, and failure to act upon such request by the insurance company would not have the effect of invalidating a policy of insurance subsequently acquired where the last policy prohibited other insurance.

Also see Walker v. Pacific Mut. Life Ins. Co. (Tex.Civ.App.) 17 S.W.(2d) 1088; Springfield Fire & Marine Ins. Co. v. McKinnon, 59 Tex. 507; Austin Fire Ins. Co. v. Polemanakos (Tex.Com.App.) 207 S.W. 922; Dalton v. Norwich Union Fire Ins. Soc. (Tex.Com.App.) 213 S.W. 230; Insurance Co. of North America v. McWilliams (Tex.Civ.App.) 218 S.W. 80; Westchester Fire Ins. Co. v. McMinn (Tex.Civ. App.) 188 S.W. 25; Globe Fire Ins. Co. v. Limburger (Tex.Civ.App.) 193 S.W. 222; Allemania Fire Ins. Co. v. Fordtran (Tex. Civ.App.) 128 S.W. 692; Lipman v. Niagara Fire Ins. Co., 121 N.Y. 454, 24 N.E. 699, 8 L.R.A. 719; Davidson v. German Ins. Co., 74 N.J.Law, 487, 65 A. 996, 13 L.R.A.(N.S.) 884, 12 Ann.Cas. 1065; Fritz v. Pennsylvania Fire Ins. Co., 85 N.J.Law, 171, 88 A. 1065, 50 L.R.A.(N.S.) 35; Notes, 39 L.R.A.(N.S.) 829.

We are of the opinion that where an insurance policy contains a stipulation for cancellation upon request of insured that such request of itself instantly operates as a legal cancellation of the policy without formal cancellation or defacement of the policy by the insurer. The general rule certainly should apply where, as in the instant case, the agent for the insurer who issued the policy, having it in his possession, assents to the request of the insured and promises to comply with his wishes.

The Camden policy having been legally canceled before the issuance of the National policy, there was no other insurance policy covering appellee's furniture legally in existence at the time of the issuance of the National policy, or at the time the furniture was destroyed by fire. The legal liability of the National Company on its policy was not reduced by reason of the Camden policy.

The material facts with reference to insured's request for cancellation of the Camden policy being undisputed, the judgment of the trial court must be, and it is hereby, reversed, and judgment rendered for appellant.