## DAMEN & JARVIS BLDG. CORPORATION v. MECHANICS' INS. CO.

### No. 5593.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1936.

EVANS, Circuit Judge, dissenting.

Hirsch E. Soble and Albert Langeluttig, both of Chicago, Ill., for appellant.

Frederick D. Silber, Donald N. Clausen, and Herbert W. Hirsh, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

This appeal is prosecuted from a judgment in favor of the insurer under a fire insurance policy, entered by the court following appellant's election to stand by its demurrer to appellee's plea, which alleged cancellation of the policy in suit. The question raised is as to the sufficiency of appellee's acts to bring about a cancellation of the policy.

The declaration alleged the execution and delivery of the policy on October 29, 1929, payment of the premium, destruction of the property covered by the insurance on July 5, 1932, whereby appellant became entitled to $15,433, which sum appellee refused to pay upon due notice and demand. To the plea of the insurer alleging due notice on April 30, 1932, of cancellation of the policy, which cancellation became effective five days thereafter, appellant demurred, and upon the overruling of the demurrer and appellant's election to stand by it, judgment of nil capiat was entered. Appellant assigns as error the holding of the District Court that tender of the unearned premium was unnecessary under the terms of the policy to effect cancellation.

The policy contained the following provision for cancellation:

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided, or become void or cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

This provision is in the language of the standard fire insurance policy adopted in accordance with the New York statute in effect from 1886 to 1918. Appellant states that that form is the form of policy adopted by companies in Illinois, although there is no statute on the subject in this state. The meaning of the language seems clear to effectuate the purpose of the contracting parties to provide for cancellation upon notice. The New York courts, however, in construing their own statute, decided that in the event of cancellation by the insurer, notice must be accompanied by tender of the unearned premiums in order to make the cancellation effective. This was the decision in Nitsch v. American Central Ins. Co., 152 N.Y. 635, 46 N. E. 1149, and Tisdell v. New Hampshire Fire Ins. Co., 155 N.Y. 163, 49 N.E. 664, 40 L.R.A. 765. The courts of a number of states have followed this construction. See 6 Couch on Insurance, section 1443 and cases there cited. There have been a number of cases before the Illinois Appellate courts involving policies containing lan-

guage identical with that used in the policy now in suit. These cases hold that tender of unearned premium is necessary along with notice in order to effect cancellation of the policy.

Appellant's argument divides itself into three propositions: (1) The weight of authority, including cases decided by the New York courts interpreting their own statute, and by the Illinois courts involving policies containing the same language, holds that tender of unearned premium is a condition precedent to.the cancellation; (2) the diversity of opinions on the construction of the language demonstrates the ambiguity of that language, which ambiguity must be resolved in favor of the insured; (3) the federal court should follow the interpretation of the contract adopted by Illinois courts.

The Court of Appeals for the Second Circuit was confronted with a very similar problem in Schwarzschild & Sulzberger Co. v. Phœnix Ins. Co., 124 F. 52, 54. It is true that that case was decided several years ago, in 1903, before many of the cases here cited by appellant were decided. However, the New York cases relied upon by most of the others had been decided, and the question was presented as to whether the Second Circuit court was bound, in a case involving a Kansas contract, to follow the New York holding as to the interpretation of language adopted in accordance with the New York statute. The court decided that it was not so bound saying: "It is difficult to conceive how language more definite could have been employed to show that the right to claim such unearned premium could only accrue after cancellation by the insurer and surrender by the insured. * * * Upon the facts found herein we must hold that notice of cancellation was duly given by defendant, and acquiesced in by plaintiff, and that no further action on the part of defendant was necessary until after the surrender of the policy." The court in this case called attention to the fact that both the New

York decisions were rendered without any opinion to indicate the reasons for which the court held as it did. In the Tisdell Case, however, an opinion was filed by the Chief Justice in which he very vigorously dissented from the decision of the majority, for reasons which seem to us to be irrefutable.

We are thoroughly in accord with the reasoning of the dissenting opinion in the Tisdell Case, and with the decision of the Court of Appeals in the Schwarzschild Case. However, the question arises, whether we are at liberty to follow the latter, or are bound to adopt the interpretation of the Illinois courts. It appears that there has never been an .adjudication of this question by the Illinois Supreme Court. In fact, in a comparatively recent decision, that court indicated that it did not consider itself previously committed to any particular rule with regard to the question of cancellation. This, we think, can fairly be inferred from the language of Annes v. Carolan, Graham, Hoffman, Inc., 336 Ill. 542, 168 N.E. 637, 640.[1]

It is true that in that case, which involved a policy containing no provision whatever as to the return of unearned premium in connection with cancellation, the court held that the insurer canceling should be required to return unearned premium as a condition precedent to cancellation. That is.not to say, however, that if a case involving the language of the policy here before us were presented to that same court it would necessarily feel itself bound by its decision in the Annes Case to hold that tender of the unearned premium was a condition precedent to cancellation. As to the Illinois Appellate Court cases, while the courts do use language indicating their acceptance of the rule requiring tender, the decision in only one of those cases rested solely on that ground. See National Hotel Co. v. Merchants' Fire Assurance Corporation, 183 Ill.App. 71. In the others, the decision was also based on the ground that there had not been suffi-

[1] "Our attention has not been called to any case where this court has held that a return of the unearned premium is a condition precedent to a cancellation of the policy, where there is no provision in the policy for such return, but this has been the holding of the Appellate Court in several cases. Where a policy is canceled by an insurance company we see no good reason why the company should not be re-quired to pay to the insured the unearned premium as a condition precedent to the cancellation. The cancellation is for the benefit of the company. By the cancellation the company voids its contract. When it has received the premium for the full period, and desires to cancel the policy, it should be required to pay the part of the premium which is unearned prior to such cancellation. * * *"

cient notice to effect a cancellation, or that notice had not been given to the proper party. See Hartford Fire Ins. Co. v. McKenzie, 70 Ill.App. 615; Peterson v. Hartford Fire Ins. Co., 87 Ill.App. 567; Hartford Fire Ins. Co. v. Tewes, 132 Ill.App. 321; Kinney v. Rochester German Ins. Co., 141 Ill.App. 543. Under these circumstances we do not consider ourselves bound by these decisions, and feel free to exercise an independent judgment in our decision of this case.

■ We cannot agree with appellant as to the ambiguity of the language used in the policy. To us that language is clear beyond all doubt. Such ambiguity as might be inferred from decisions of other courts, we think is forced into it because of the possible hardship on the insured in not requiring the insurer to return unearned premiums, at least simultaneously with cancellation. We think such possible hardship does not justify the court's remaking the contract for the parties. It is within the province of the legislature to enact provisions protecting or safeguarding the rights of persons applying for policies, by requiring certain standard provisions for those policies, but it is not within the province of the courts to read into policies containing express provisions to the contrary, requirements such as are here sought to be enforced.

Appellant argues that the language used in the cancellation clause requires the construction here urged. It contends that the first clause of the second sentence, "If this policy shall be canceled as hereinbefore provided * * * the unearned portion shall be returned on surrender of the policy * * * this company retaining the customary short rate; * * *" refers only to cancellation by the insured, as indicated by the fact of the provision for retaining the short rate. Hence, it argues, when the last clause provides that "when this policy is canceled by the company by giving notice it shall retain only the pro rata premium" the word "retains" is to be construed as requiring return of unearned premium along with notice, and in the absence of such return, the notice is ineffectual to accomplish cancellation. This construction seems to us to be considerably weakened by the fact that the same word "retain" is used in the first clause providing for cancellation by the insured where there is no question as to the right of the insurer to the surrender of the policy before the return of the premium. Here it could not well be contended under the language of the contract that the insured could not cancel his policy until he had returned it. Likewise, we think it would not be fair to say that the insurer could not cancel until it returned the premium. We, therefore, think that the policy means exactly what it says, namely, that if it is canceled, premiums shall be returned upon its surrender. There is no ambiguity in this language, and we do not feel bound to follow the line of cases which attempt to read ambiguity into it, preferring to follow those which hold that the obligation of the insurer to return the unearned premium does not arise until the surrender of the policy, and that such refund is not a condition precedent to cancellation of the policy.[2]

Judgment affirmed.

EVANS, Circuit Judge (dissenting).

I am unable to agree with the majority opinion for several reasons:

(a) The weight of judicial opinion, including the holdings of the Illinois courts, is apparently with appellant. Hartford Fire Ins. Co. v. Stephens, 18 Ariz. 339, 161 P. 684; German Union Fire Ins. Co. v. Fred G. Clarke Co., 116 Md. 622, 82 A. 974, 39 L.R.A.(N.S.) 829, Ann.Cas.1913D, 488; Brown v. Prudential Fire & Marine Ins. Co. (Mo.App.) 24 S.W.(2d) 206; Nitsch v. American Central Ins. Co., 152 N.Y. 635, 46 N.E. 1149; Tisdell v. New Hampshire Fire Ins. Co., 155 N.Y. 163, 49 N.E. 664, 40 L.R.A. 765; Buckley v. Citizens' Ins. Co., 188 N.Y. 399, 81 N.E. 165, 13 L.R.A.(N.S.) 889; Peterson v. Hartford Fire Ins. Co., 87 Ill.App. 567; Hartford Fire Ins. Co. v. Peterson, 187 Ill. 395, 58 N.E. 1095; National Hotel Co. v. Merchants' Fire Assur. Co., 183 Ill.App. 71; Annes v. Carolan, etc., Inc., 336 Ill. 542, 168 N.E. 637.

[2] Schwarzschild & Sulzberger Co. v. Phoenix Ins. Co., supra; Davidson v. German Ins. Co., 74 N.J.Law, 487, 65 A. 996, 13 L.R.A.(N.S.) 884, 12 Ann.Cas. 1065; Mangrum & Otter, Inc., v. Law Union & Rock Ins. Co., 172 Cal. 497, 157 P. 239, L.R.A.1916F, 440, Ann.Cas.1917B, 907; Webb v. Granite State Fire Ins. Co., 164 Mich. 139, 129 N.W. 19; Austin Fire Ins. Co. v. Polemanakos (Tex.Com.App.) 207 S.W. 922.

(b) The law of Illinois as declared by the courts of that state governs the disposition of this case. Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398; Marine Nat. Exchange Bank v. Kalt-Zimmers Mfg. Co., 293 U.S. 357, 55 S.Ct. 226, 79 L.Ed. 427; Graham v. White-Phillips Co., 296 U.S. 27, 56 S.Ct. 21, 80 L.Ed. —, 102 A.L.R. 24; Georgia Railway & Elec. Co. v. City of Decatur, 56 S. Ct. 606, 80 L.Ed. — decided March 30, 1936. The Illinois decisions, it seems to me, adopt appellant's construction of the provision of the contract in dispute. (See cases cited under (a).

(c) Where there is uncertainty of meaning or effect of language of an insurance contract, it should be construed against the insurance company. See 14 R. C.L., "Insurance," § 103, and the many cases there cited; Aschenbrenner v. United States F. & G. Co., 292 U.S. 80, 54 S. Ct. 590, 78 L.Ed. 1137; Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 48 S. Ct. 512, 72 L.Ed. 895. That this language is not free from doubt but ·capable of two constructions is shown by the fact that the courts have differed as to its meaning. By its adoption of such language in its policy, the company has knowingly used ambiguous language, in which case the contract should be construed and the ambiguity resolved against it. Fidelity & Casualty Co. v. Lowenstein, 97 F. 17, 46 L.R.A. 450 (C.C.A.8); Davis & Rankin Bldg., etc., Co. v. Jones (C.C.A.) 66 F. 124; Schmohl v. Travelers' Ins. Co. (Mo.App.) 177 S.W. 1108.

When the language of a clause in an insurance policy is construed differently by different appellate courts, it cannot be said to be unambiguous or free from doubt.

(d) There is no Federal rule as distinguished from state court rule on any subject matter wherein the Federal courts follows the state court's decisions.

Federal courts ordinarily follow the holdings of the state courts which have construed certain clauses of fire insurance found in standard contracts written pursuant to command of state statutes. They will accord great, if not controlling weight, to state court decisions which ·construe contracts containing a common provision which has been frequently before the state courts. Mutual Life Insurance Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L. Ed. 398.

Use of language in a cancellation clause of an Illinois fire insurance policy should be given the effect which the Illinois courts have given to it prior to the date of the issuance of a policy containing such clause.

I believe the judgment should be reversed.