CLAIRE SMITH, Plaintiff, *v.* TRAVELERS INSURANCE COMPANY, Defendant.

Supreme Court, Special Term, New York County, January 4, 1937.

*Herbert Kaufman,* for the plaintiff.

*Moran, Galli & McGlinn* [*John G. Donovan* of counsel], for the defendant.

SCHMUCK, J. Plaintiff seeks to recover the sum of $2,506.75, the amount of a judgment recovered against one Lagare Walker, Jr., for personal injuries alleged to have been sustained on February 19, 1933, as the result of the negligent operation of said Walker's automobile. Execution has been issued against the property of Walker and returned wholly unsatisfied. Plaintiff now proceeds against the insurance company directly pursuant to section 109 of the Insurance Law. The defense interposed is that the policy which the defendant issued to said Walker was canceled in accordance with its terms on February 4, 1933, and prior to the date upon which plaintiff alleges she sustained her injuries. The policy in question was issued to Walker on October 29, 1932, and by its terms was to expire October 29, 1933. Payment of premium was to be in six installments. The first installment was paid on October 29, 1932, as was also the second, which fell due on November

29, 1932. No further payments of premium were made. The policy contained a cancellation clause, the pertinent part of which reads as follows: " This policy may be canceled by the Company by written notice mailed to the named Assured at the address disclosed in this Policy stating when not less than five days from the date of such notice such cancellation shall be effective and upon demand the Company shall refund the excess of premium paid by such Assured above the *Pro rata* premium for the expired term. Cancellation shall be without prejudice to any claim originating prior to such effective date. Delivery of such written notice either by the named Assured or by the Company shall be equivalent to mailing and whether such notice shall be mailed or delivered the insurance under this Policy shall end on the effective date and hour of cancellation stated in the notice."

On January 23, 1933, the company elected to cancel the policy because of nonpayment of premiums and served a notice of cancellation effective as of February 4, 1933. No question is raised regarding receipt of the notice by the assured. Plaintiff contends that the notice did not effect a valid cancellation of the policy because same was unaccompanied by either a tender or return of the unearned premium and as a consequence the policy was in full force on the date of the alleged accident. No demand was made on the company by the assured for the return of the unearned premium and on March 9, 1933, and also on August 1, 1933, the company tendered the unearned premium in the sum of $4.22, but the same was rejected by the assured. In view of the foregoing, it is held that the tender was timely, that cancellation was effective as of February 4, 1933, and that a demand was necessary for the return of the unearned premium in accordance with the language of the cancellation clause of the policy. The authorities cited by the plaintiff concern themselves with constructions of the cancellation clauses in the old New York standard fire insurance policies and have no bearing on the question under consideration.

Motion for summary judgment denied.