**SUMMERS v. TRAVELERS INS. CO. et al.**

**No. 11533.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 28, 1940.

R. K. Schurr, of St. Louis, Mo. (Godfrey, Anderson, Schurr & Taylor, of St. Louis, Mo., on the brief), for appellant.

James C. Jones, Jr., of St. Louis, Mo. (William G. O'Donnell, James C. Jones, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellees.

Before GARDNER and WOODROUGH, Circuit Judges, and MOORE, District Judge.

GARDNER, Circuit Judge.

This was a proceeding brought by the appellees, as plaintiffs below, against Christopher F. Callahan and Robert E. Summers as defendants, seeking an adjudication that a public liability and property damage policy of insurance issued by them to Christopher F. Callahan, in which they agreed, among other things, and subject to the terms and conditions therein contained, to pay on behalf of the insured, within limits specified, all sums which the insured should become obligated to pay by reason of the liability imposed upon him by law for damages because of bodily injuries at any time resulting therefrom sustained by any person, caused by accident occurring between July 24, 1937, and July 24, 1938, and arising out of the ownership, maintenance and use of a Pontiac coupe, 1935 model, owned by said insured, had been cancelled.

Under the issues as framed, the question for determination by the lower court was whether the policy had been cancelled prior to the 25th of June, 1938, at which time the insured, while operating the automobile covered by the policy, struck and injured the defendant Robert E. Summers. The lower court held that the policy had been cancelled prior to that date, and entered judgment enjoining the defendants from asserting any claim against the plaintiffs thereunder. The insured has not appealed but the defendant Summers, who claims the right to recover damages against the insured by reason of the injuries received, prosecutes this appeal.

The policy contains provision as follows: "This policy may be cancelled by the Company by mailing written notice to the named insured at the address shown in this policy stating when, not less than five days thereafter, such cancellation shall be effective, and upon demand the Company shall refund the excess of premium paid by such insured above the pro rata premium for the expired term. The mailing of notice, as aforesaid, shall be sufficient proof of notice and the insurance under this policy, as aforesaid, shall end on the effective date and hour of cancellation stated in the notice."

On the 21st of February, 1938, plaintiffs mailed to the insured, at his address, a written notice stating that his policy was cancelled in accordance with its terms, and that such cancellation would become effective on March 1, 1938, which notice was received by the insured on or about the 21st of February, 1938. The unearned premium amounting to $27.78 was not tendered with the notice, but was paid to the insured upon his demand on or about July 18, 1938. It is the contention of the defendant Summers that a cancellation of the policy had not been effected prior to the date of his receiving his injuries because the unearned premium had not been actually returned to the insured. The plaintiffs contend that since the policy expressly provided for its cancellation by the insured upon five days' previous written notice to the insured and that upon the demand of the insured the company would return the unearned premium, the return of the unearned premium was not a condition precedent to the right of the insurer to cancel the policy and that there was a valid cancellation of the policy on March 1, 1938.

The policy also contained provision that: "If required by statute in the state where this policy is issued, refund of premium due to the named insured shall be tendered with notice of cancellation when the policy is cancelled by the company and refund of premium due to the named insured shall be made upon computation thereof when the policy is cancelled by the named insured."

No statute of Missouri has been called to our attention, and we assume there is none, which requires the tender or refund of the unearned premium with no-

tice of cancellation as a condition precedent to the right of cancellation. The parties were therefore at liberty to contract on this subject, and as there is no ambiguity in the contract, it must be given effect as written. As has often been said, "Courts are without authority to rewrite contracts." Prange v. International Life Ins. Co., 329 Mo. 651, 46 S.W.2d 523, 526, 80 A.L.R. 950. The equitable rule with reference to rescission or cancellation of contracts, requiring a restoration of the status quo as a condition precedent to such rescission or cancellation, is not here applicable because the parties have a right by contract to determine the conditions upon which a cancellation may be had. Here, the parties have, by unambiguous language, stipulated how such cancellation shall be effected. The right to the unearned premium upon cancellation is a matter of concern only to the insured and in the absence of a statute providing otherwise the insured has a right to agree that such unearned premium shall be payable to him upon demand. That this was the intention of the parties can not be doubted. The policy contains provision that, " * * * upon demand the Company shall refund the excess of premium paid by such insured above the pro rata premium for the expired term."

The policy also contains provision that, "If required by statute in the state where the policy is issued, refund of premium due to the named insured shall be tendered with notice of cancellation * * *."

■■ These provisions are entirely inconsistent with the thought that the cancellation of the policy could not be effected until and unless the unearned premium was first received by the insured. It would do violence to the elementary rules of construction to disregard them. As said by the Supreme Court of Missouri in Mathews v. Modern Woodmen of America, 236 Mo. 326, 139 S.W. 151, 155, Ann.Cas.1912D, 483, "The just interpretation of a contract arises on the whole subject-matter. It must be viewed from end to end and corner to corner, and all its terms pass in review; for one clause may modify, limit, or illuminate the other. Taking its words in their ordinary and usual meaning, no substantive clause must be allowed to perish by construction, unless insurmountable obstacles stand in the way of any other course."

■ The return of the unearned premium was not under this contract of insurance a condition precedent to the company's right to cancel. Webb v. Granite State Fire Ins. Co., 164 Mich. 139, 129 N.W. 19; Phoenix Mutual Fire Ins. Co. v. Brecheisen, 50 Ohio St. 542, 35 N.E. 53; Davidson v. German Ins. Co., 74 N.J.L. 487, 65 A. 996, 13 L.R.A.,N.S., 884, 12 Ann.Cas. 1065; Parsons v. Northwestern National Ins. Co., 133 Iowa 532, 110 N.W. 907; Mangrum v. Law Union Ins. Co., 172 Cal. 497, 157 P. 239, L.R.A.1916F, 440, Ann.Cas.1917B, 907; Smith v. Travelers Ins. Co., 163 Misc. 579, 296 N.Y.S. 365; Molyneaux v. Royal Exchange Assur. Co., 235 Mich. 678, 209 N.W. 803; Hastalis v. Firemen's Ins. Co., 117 W. Va. 211, 185 S.E. 419; Schwarzschild & Sulzberger Co. v. Phoenix Ins. Co., 2 Cir., 124 F. 52; Damen & Jarvis Bldg. Corp. v. Mechanics' Ins. Co., 7 Cir., 83 F.2d 793. The giving of notice under the provisions of the policy terminates the insurance. The unearned premium is to be returned to the insured as a consequence of cancellation and not as a condition precedent to such cancellation.

■ The Supreme Court of Missouri has had no occasion to construe the cancellation clause of a policy similar to the clause here involved, and no decision of that court is cited in appellant's brief in support of his contention that a return of the unearned premium was a condition precedent to the right of cancellation. Certain decisions of the intermediate appellate courts of Missouri are cited, which it is contended support this view. We do not find it necessary to consider whether they lend support to appellant's contention or not because we are bound by the decisions of the highest court of the state and not by the decisions of the intermediate courts. Hudson, et al. v. Maryland Casualty Co., 8 Cir., 22 F.2d 791; Federal Lead Co. v. Swyers, 8 Cir., 161 F. 687; Turner v. New York Life Ins. Co., 8 Cir., 100 F.2d 193.

■ The reasonableness of this clause of the insurance contract is not controlling, yet it is of passing interest. In Richards, The Law of Insurance, Sec. 271, the author, among other things, says: "A company has a fixed habitation and is solvent, else the insurance department would not allow it to transact business. Upon cancellation of a policy the insurer is as much entitled to a surrender of the policy as the assured is to a return of the unearned premium. The insured are scattered all over the country. Sometimes several notices

must be sent before the right party can be found. Legal tender can be made only in cash. Rates of premium are so low that no company can afford, in general, to make personal tender. It is not safe to send cash by mail, and though the assured receive the remittance, if unscrupulous, he may deny it, and, though honest, after getting his cash he will seldom take the trouble to return the policy until it is demanded. The framers of the New York standard fire policy of 1886, therefore inserted the seemingly unambiguous statement that the notice by itself shall cancel, but that the unearned premium shall be returned on surrender of this policy or last renewal."

It is next contended that the notice of cancellation received by the insured failed to comply with the provisions set out in the policy with reference to cancellation, because, it is said, it failed to state that the unearned premium would be paid by the company to the insured upon demand. The notice contained the following: "The provisions of the Policy or Policies respecting premium adjustment upon cancellation are applicable."

The notice described the policy by number and date. It must be borne in mind that the insured was in possession of the policy, and by this notice its provisions were made a part of the notice. The policy, as, has been pointed out, plainly provides that upon its cancellation by the company, the unearned premium would be returned to the assured upon his demand. It was therefore unnecessary again to advise the insured in this notice of cancellation that the company would return the unearned premium to him upon his demand. It plainly did so by referring to the terms of the policy.

The unearned premium was in fact returned to and accepted and retained by the insured, but it is contended by Summers that because the insured, when he made demand upon the St. Louis office for return of the unearned premium on July 16, was referred to the Crane Agency through whom he had procured the policy, which agency returned the unearned premium to him on July 18, the unearned premium was not returned on demand as provided in the policy. The right of Summers to recover against the insurance company is dependent upon that of the insured. In other words, he can acquire no greater right than that existing in favor of the insured. General Casualty & Surety Co. v. Kierstead, 8 Cir., 67 F.2d 523. There was no denial of the right of the insured to the unearned premium, and he was simply referred to the proper channels for securing its return. The insured received, accepted and retained this unearned premium as being paid him by the insurance company. Clearly, the insured would be estopped from asserting that the unearned premium had not been returned to him, and Summers can assert no greater right.

It is finally urged that cancellation was not effected so as to avoid liability because of Section 5898 of the Missouri Statute on cancellation, Mo.St.Ann. § 5898, p. 4499. This statute provides that whenever a loss occurs on account of the casualty covered by a contract of insurance, the liability of the insurance company shall become absolute and shall not depend upon the satisfaction by the insured of a final judgment against him for loss or damage. The statute also provides that, "No such contract of insurance shall be canceled or annulled by any agreement between the insurance company and the assured after the said assured has become responsible for such loss or damage, and any such cancellation or annulment shall be void."

The accident here did not occur until June 25, 1938, substantially four months after this policy was cancelled. The statute manifestly has no application to the situation here presented. This statute inhibits the cancellation of the insurance contract after the occurrence of the accident or loss which is covered by the policy.

The judgment appealed from is therefore affirmed.