THE GERMAN UNION FIRE INSURANCE COMPANY OF BALTIMORE, A Body Corporate, Known as the Baltimore Underwriters Agency, a Body Corporate, *vs.* THE FRED G. CLARKE COMPANY, a Body Corporate.

*Insurance policies: cancellation; by company; notice; payment of unearned premium.*

Where, in a suit upon a fire insurance policy, the declaration recites that the payment thereon had been made by the plaintiff to the defendant, and the policy itself offered in evidence recites as its consideration "$25.00" premium, and the record does not show that any question of the payment of the premium was raised at the trial of the case below, the question can not be raised on appeal.                    p. 623

The Court of Appeals will not decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below.          p. 624

A fire insurance policy provided that it might be cancelled at any time at the request of the insured; or by the company, by giving five days' notice of such cancellation. If the policy should be cancelled, or become void or cease, the premium having actually been paid, the unearned portion to be returned on surrender of the policy or last renewal; the company retaining the customary short rate; except that should the policy be cancelled by the company by giving notice, it should retain only the pro rata premium; a notice

by the company that the policy would be cancelled the 20th of the month, was mailed to the insured on the 15th and received by him on the 17th, *held* that this notice was not sufficient.                                      p. 625

And in order to cancel such a policy there must be a present purpose carried out, and not a mere intent of future action.
                                                           p. 626

The return or tender of the unearned premium is a condition precedent to the right of cancellation upon the part of the company.                                           p. 628

*Decided December 6th, 1911.*

Appeal from the Court of Common Pleas of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Arnold L. Davis* and *George A. Finch,* for the appellant.

*Charles Markell* and *Edgar H. Gans,* for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

This case involves no conflict of testimony but raises three questions of law, upon the answer to which its determination depends. The suit is upon an insurance policy to recover the amount named in the policy, a loss having occurred of the property insured. In the brief and at the oral argument it was urged on behalf of the company, that there could be no recovery for the reason that the plaintiff had offered no affirmative proof of the payment of the premium, which constituted the consideration for the issuance of the policy. A careful examination of the record fails to disclose that any question of the payment of the premium was raised at the trial of the case below, though the payment of the premium is recited in the declaration to have been made by the plaintiff to the defendant, and the policy offered in evidence

recites as the consideration for it "Twenty-five Dollars Premium." This language in the policy and the recital in the declaration in the absence of any pleading or evidence denying the payment of the premium might fairly be assumed to be an admission of such payment if the question were properly before us; but Article 5, section 9 of the Code, expressly provides, that in no case shall this Court "decide any point or question which does not plainly appear by the record to have been tried and decided by the Court below," and the numerous applications of this provision, of which the case of *Baltimore City* v. *Austin,* 95 Md. 93, is but an illustration, clearly show that this defence to a recovery on the policy, not having been passed upon by the Court below, can not properly be considered upon an appeal.

The ground of defence upon the part of the company is the cancellation of the policy before the loss occurred, and presents two questions. The first of these is whether the notice as given by the company was a sufficient notice, and if not, whether the notice was void in toto or merely defectice with regard to a matter, which the period that intervened between the notice and the loss may have cured; and, secondly, whether a return or tender of the pro rata portion of the premium was a prerequisite to a valid cancellation of the policy. The clause providing for cancellation was what is known as the New York standard form, and reads as follows: "This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If the policy shall be cancelled as hereinbefore provided or becomes void or ceases, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy or last renewal; this company retaining the customary short rate; except that when this policy is canceled by this company by giving notice it shall retain only the pro rata premium."

The notice in this case bore date July 15th, '09, and was as follows:

"The German Union Fire Insurance Company herewith gives five days' formal notice of its intention to cancel policy No. 35069 issued to owner and mortgagee for $1,000—covering property located at 48-54 River Street, Cleveland, Ohio, in accordance with the stipulations and provisions embraced in lines Nos 51 to 55, both inclusive, of the printed conditions of said policy to wit;" Then follows a transcript of the cancellation clause of the policy, after which the notice continues: "Please take notice that all liability of said company under said policy will absolutely cease at noon July 20, '09, unless surrender thereof to the company be made sooner, and that the unearned premium due, if any, will be held subject to your order and return of the policy."

This notice was mailed in Baltimore by registered mail on the day of its date, July 15th, 1909, as appeared from the registration receipt issued by the Baltimore Postoffice. The return card showing the receipt of this notice by the addressee, offered in evidence, shows the date of delivery of the notice of cancellation to have been July 17, 1909. The insured, therefore, from the face of the papers, had not five, but *three* days' notice of the intention of the appellant company to cancel the policy. What happened after that does not very clearly appear from the record, but apparently the policy was canceled at some date, presumably the 20th of July, 1909, upon the records of the company, but no notice of the fact of cancellation was ever communicated to the appellee. In this condition of facts the relative positions of the parties are well defined by the opinion rendered by this Court in the case of the *Am. Fire Ins. Co.* v. *Brooks,* 83 Md. 22, where in a similar case it was said that "if it shall be cancelled by the company the clause further provides that if the premium has been paid, the 'unearned portion shall be returned on surrender of the policy,' etc., 'except that when the policy is canceled by the company by giving notice it shall retain only the pro rata premium.' These are conditions upon which the right of the company to cancel rests; they must be strictly construed and strictly performed;" *Run-*

*kel* v. *Ins. Co.,* 6 Fed. 143; *Lattan* v. *Ins. Co.,* 45 N. J. L.
453. "Five days' notice is therefore a condition precedent.
\* \* \* It is clear that the mere service of such a notice as
this, if the premium had in fact been paid or the insured
was chargeable with its receipt, would not *ipso facto* work a
cancellation. The policy would have to be canceled by the
insurer by some act clearly indicating that he had done so,
and this act could not be effectually performed under the
provisions of the policy until the five days had expired."

In the Brooks case the notice was not received by the
insured until one day before the time named for cancellation,
and it is said that "this was not within the rights reserved
in the policy and was an utterly void act. Had the attempt
to cancel been made later on, another question would have
arisen upon which we now have no occasion to comment.
No other attempt was made and what was done was nugatory
and void."

This language is equally applicable in every respect with
regard to the conditions contained in the policy, and the
notice given or attempted to be given in the case before us,
and would of itself be necessarily conclusive of this case
without some evidence tending to show a cancellation in fact
not earlier than July 22nd, of which the insured had notice,
or a waiver upon the part of the insured, and there is no
evidence of any such waiver. To effect a valid cancellation
of a policy there must be a present purpose carried out, not
a mere intent of future action, *Banking Co.* v. *Ins. Co.,* 75
Mo. Ap. 99, 310, or as was said in *Davis Lumber Co.* v. *Hart-
ford Ins. Co.,* 95 Wis. 226, "There must be an actual notice
of cancellation, not a mere notice of a desire to cancel or a
notice that the policy will be canceled, or a notice to cancel,
and the notice must be served on or given to the proper per-
son."

There remains to be considered that which is probably the
most important question in the case; to wit, whether a
return or tender of the pro rata part of the premium was a
prerequisite to any valid cancelation of the policy. In the

very able argument and briefs submitted in this case, practically all of the authorities in this country in any way bearing upon this question have been presented to the Court, and those authorities present some divergence of views. The cancellation clause has not been uniform in all policies, and in a number of cases which have passed upon this question the decision was rested upon a precise construction of the particular language of the policy before the Court. In so far as the adjudicated cases have dealt with policies where the cancellation clause was different from that in the standard form, they afford but little real assistance upon this question. Reference will be made, therefore, only to cases where the provision for cancellation was identical with that contained in this policy. In the Federal Courts there has been a general uniformity of decisions to the effect that the return or tender of the pro rata portion of the premium where the notice of the cancellation had been given by the company is not a pre-requisite or condition precedent to the termination of the policy and the same view has been adopted in New Jersey, Iowa and Michigan; *Davidson* v. *Ins. Co.*, 74 N. J. Law 487; 13 L. R. A. n. s. 884; *Parsons* v. *Ins. Co.*, 133 Iowa, 532; *Webb* v. *Ins. Co.*, 164 Mich. 139.

A contrary view was expressed by the Court of Appeals of New York in the case of *Nitsch* v. *Am. Central Ins. Co.*, 152 N. Y. 635, 13 L. R. A. n. s. 886; and this was followed later by the case of *Tisdell* v. *N. H. Fire Ins. Co.*, 155 N. Y. 163, 40 L. R. A. 765. This latter case is chiefly noteworthy for the dissenting opinion filed by PARKER, C. J., and which dissenting opinion has been the basis of most of the adjudications since, which have taken the view that the return or tender of the *pro rata* portion of the unearned premium was not a prerequisite to cancellation. The prevailing view in the *Tisdell case,* however, that such return or tender was a condition precedent, was reaffirmed by a unanimous court in the case of *Buckley* v. *Citizens' Ins. Co.*, 188 N. Y. 399, 12 L. R. A. 889; and while the inferior courts of New York have not always followed those cases because of some slight varia-

tion of phraseology of the cancellation clause, as in the case of *Walthear* v. *Penn Fire Ins. Co.*, 2 App. Div. 328, they have never denied the principle, but have sought to distinguish the cases before them by reason of the varied phraseology.

The conclusion of the New York Court of Appeals as announced in *Tisdell* v. *N. H. Ins. Co.*, *supra*, and reaffirmed in *Buckley* v. *Ins. Co.*, *supra*, has been adopted in *Davis Lumber Co.* v. *Ins. Co.*, 95 Wis. 226; *Phœnix Ass. Co.* v. *Mfg. Co.*, 92 Tex. 297; *Hartford Ins. Co.* v. *McKenzie*, 70 Ill. App. 619; *Hartford Ins. Co.* v. *Cameron*, 18 Tex. App. 237; *Peterson* v. *Hartford Ins. Co.*, 87 Ill. App. 572; *Peoria Ins. Co.* v. *Botto*, 47 Ill. 516; *Aetna Ins. Co.* v. *Maguire*, 51 Ill. 342; *Hollingsworth* v. *Niagara Ins. Co.*, 45 Ga. 294; *Taylor* v. *Ins. Co. of N. Am.*, 25 Okl. 92, 138 Am. St. Rep. 906; *Davidson* v. *Ins. Co.*, 189 Pa. 132; *Hartford Ins. Co.* v. *Tewes*, 132 Ill. App. 321; *Williamson* v. *Warfield*, 136 Ill. App. 168; *Kinney* v. *Ins. Co.*, 141 Ill. App. 543, and the same view is adopted by such text writers as *May, Wood, Joyce* and *Cooley*.

While some of these cases have been decided by divided courts, nevertheless the great weight of authority is in support of the view that the return or tender of the unearned premium is a condition precedent to the right of cancellation upon the part of the company, with which view we concur. Entertaining this view of the law applicable to the case, it does not seem necessary to consider in detail the several prayers presented to the trial Court, and it will be sufficient to say that we find no reversible error in the rulings of the learned judge who heard this case. The judgment will therefore be affirmed.

*Judgment affirmed, with costs to the appellee.*