## PROFIT v. SEABOARD MUT. CASUALTY CO.
### No. 172.

District Court, D. Maryland.
June 27, 1939.

Aiken & Krieger, of Baltimore, Md., for plaintiff.

Walter L. Clark and Roszel C. Thomsen, both of Baltimore, Md., for defendant.

COLEMAN, District Judge.

The verdict of the Court sitting as a jury is for the plaintiff in the sum of $5,000, the amount of the judgment heretofore obtained by him against Earl J. McCullough, in the State Court, with interest from January 31st, 1939.

This is a suit on a policy of insurance commonly known as an automobile public liability and property damage policy, with a limit of $5,000 for injuries sustained by any one person. It was issued by the defendant company to Earl J. McCullough. The present plaintiff obtained a judgment against McCullough in the State Court for damages in the sum of $5,000 due to personal injuries resulting from a collision between plaintiff's and McCullough's cars on June 25, 1938. Execution upon this judgment against McCullough, the assured, was returned unsatisfied, with the result that the plaintiff has brought the present action against the insurance company in accordance with the customary provision in the policy to the effect that, under such circumstances, an action may be maintained by the injured person against the insurance company for the amount of judgment obtained against the assured, not exceeding the amount of the policy.

The question presented for decision is whether the defendant company gave to the assured a legally sufficient notice of cancellation of the policy. It is undisputed that the defendant company had the right under the policy to cancel it at the time that it did, the sole question being as to the sufficiency of the notice given.

The cancellation clause in the policy is as follows: "(10) This Policy shall be cancelled at any time at the request of the Named Assured, in which case the Company shall, upon demand and surrender of this Policy, refund the excess of paid premium above the customary short rate premium for the expired term. This Policy may be cancelled at any time by the Company by giving to the Named Assured five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation mailed or delivered to the address of the Named Assured stated in this Policy shall be a sufficient notice. Where a special provision for cancellation and notice of such cancellation is required by statutory enactment in the State where this Policy is issued, the conditions of this Cancellation Clause are amended to conform thereto."

The notice that was given is dated April 27, 1938, and reads as follows:

"Please take notice that Policy No. AL-5689 issued to you by Seaboard Mutual Casualty Company, is hereby cancelled, pursuant to the terms and conditions in said policy contained, such cancellation to take effect on the 2nd day of May 1938, at 12.01 A. M. Standard Time, at the place where said policy was countersigned.

"This policy is cancelled due to Request of Underwriting Dept."

It is conceded by the defendant, as it must be, because self-evident from the face of the notice, that it was defective in that it gave not more than four days' advance notice of the cancellation instead of five days as required by the provision of the policy above quoted. Indeed, if we apply the Maryland law, which excludes a Sunday (which did, in fact, intervene), and the first day or the day of the receipt of the notice, the notice would be so much less in advance. See Brown v. Rasin Monumental Co., 98 Md. 1, 55 A. 391; Winter v. O'Neill, 155 Md. 624, 142 A. 263.

Under the policy, notice of cancellation is sufficiently delivered to the insured if it is mailed (which presupposes proper stamping) or delivered to the address of the assured stated in the policy, because this is what the policy itself expressly provides, and there is no statutory provision in Maryland requiring any different notice. See Fidelity & Casualty Co. v. Riley, 168 Md. 430, 178 A. 250.

The defendant company's defense to the suit is that since the notice is proved to have been mailed, and since proof is not necessary that the assured received it, the notice of cancellation became effective after lapse of the full five days stipulated in the policy.

The question is to be determined according to the decisions of the Court of Appeals of Maryland, if there are any applicable, since the contract of insurance was entered into and to be performed in Maryland. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The first point to be determined is whether the notice states a present cancellation or is merely notice of intention to cancel, that is, whether it is immediate or prospective. We are satisfied from the words employed that the notice does state a present cancellation and, therefore, is to be distinguished from the type of notice considered in German Union Fire Insurance Co. v. Fred G. Clarke Co., 116 Md.

622, 82 A. 974, 39 L.R.A.,N.S. 829, Ann. Cas.1913D, 488. There, as here, five days' notice of cancellation was provided in the policy; and notice by the company that it would be cancelled on the 20th of the month was mailed to the assured on the 15th and received by him on the 17th, and the Court held that this notice was insufficient because, from the face of the notice, the assured was given not five but three days' notice. However, the form of the notice was quite different from the one now before us. It recited that the company "herewith gives five' days' formal notice of its intention to cancel" the policy, and concluded as follows: "Please take notice that all liability of said company under said policy will absolutely cease at noon July 20, 09, unless * * *." The Court held that this notice was entirely nugatory and void because (1) of the insufficient length of notice and (2) the notice was one of mere intent of future action, and not an actual notice of cancellation, that is, of a present purpose carried out.

The Maryland Court of Appeals in the Clarke Co. case was not called upon to determine, nor did it consider, the precise question now before us, that is to say, the holding of the Court does not disclose what would have been the decision had the notice stated, as does the notice here in suit, an intention on the part of the company to avail itself immediately and absolutely of the privilege to have the policy cancelled, effective at a future date. To the same effect is American Fire Insurance Co. v. Brooks, 83 Md. 22, 34 A. 373.

The authorities elsewhere are apparently virtually unanimous to the effect that if the notice is of the type here involved, namely, of the "actual" cancellation type, and the notice, though defective in point of time, is actually received by or delivered to the assured in conformity with the provisions of the policy governing receipt or delivery, full effect will be given to the notice after lapse of the full time required by the policy. See cases collected in 35 A.L.R. 900, Annotation. But apparently there is no reported decision, State or Federal, to the same effect—or indeed any contra,—in such a case where there is no proof of actual receipt or actual delivery of the notice at the address of the assured. On behalf of the defendant company, it is contended that this makes no difference in the present case, since the policy does not require such receipt or delivery of the notice of cancellation before it can be effective. In other words, we are asked to extend, by implication, the doctrine of the Maryland decisions, supra, to conform with what we are told is the unanimous authority elsewhere. However, as already indicated, the latter is not actually true, and, therefore, we are being asked not merely to extend the Maryland doctrine but, as we think, likewise to extend a doctrine in force in other jurisdictions which has not actually ever been applied, as far as we are advised, to the present situation.

As we have seen, the ratio decidendi of the Brooks and Clarke cases, supra, is to the effect that if the notice is both prospective and defective in point of time, it is not merely voidable but absolutely void. While not free from doubt, because the Court in both cases apparently treated the questions conjunctively and not disjunctively, query, nevertheless, whether the language employed is not sufficient to indicate that the Court intended that any cancellation notice is void, in its inception, if the condition precedent as to the stipulated amount of advance notice is not strictly fulfilled. In any event, I consider it a radical extension of the Maryland doctrine, as thus far announced by these cases, and indeed of the authorities in general, to hold that, in cases of immediate cancellation, it is immaterial that a notice which itself contains a mistake in the designation of the date when the policy will become cancelled has never actually been delivered to the assured, provided only that the required time shall have elapsed between the time when the notice is mailed and any loss shall have happened. To so decide would seem to defeat the basic purpose of the advance notice, which obviously is to advise the assured that he has certain days of grace within which to cure any default on his part with respect to the policy, or to make other provision for insurance. Once we concede, as we must, that under the Maryland decisions, as well as elsewhere, strict interpretation must be given to the provisions for cancellation, such is clearly not being done if we say that, nevertheless, where the company has issued a notice, the alleged effective date of which is erroneous, that error will be cured by mere lapse of time, even though the assured never actually has delivered to him the notice containing the error. In short, whereas the

assured has, by accepting the policy, constituted the Post Office his agent to receive correct notices of cancellation of the policy, such authority must be construed as limited to notices of that type, and as not including incorrect notices.

Thus the primary factual question that remains to be considered is this: Does the weight of the credible evidence in the present case support a finding that the notice was actually delivered?

 There is always a presumption, rebuttable, of course, that a letter properly stamped and addressed, and deposited in a Post Office or letter-box, will reach its destination in due course. The burden of proving delivery of the present notice is upon the defendant company. There is strong evidence to support the conclusion that it was delivered. Defendant has introduced a Post Office receipt, bearing the same date as that of the notice, to the effect that a piece of first class mail was received by the Post Office on that day addressed to the assured, at his home as stated in the policy. However, as opposed to the contention that, therefore, the notice must have been delivered in due course, we have the sworn statement of the assured that he never received any such notice, and that both he and his wife made a search for same, lest it might have been lost in their home, after they had been informed that such notice had been sent. Furthermore, the testimony of Miss Cross, representative of the company who claims to have mailed the notice, should be subjected to equal scrutiny, because she testified that the assured first told her that he thought the policy had been cancelled when referring to an earlier and very minor accident (antedating, and therefore not affected by, the cancellation notice) which he had not reported; but that, later on, upon another visit to the company's office in relation to the serious accident here involved, he said he wanted to make a report of that accident in order to recover under the policy. All of this was denied by the assured. It is true that in a case of this kind, factual questions need not be determined beyond a reasonable doubt but merely by the preponderance of the credible evidence. However, I am unwilling to conclude that, in view of the rather peculiar circumstances, delivery of the cancellation notice has been proved by such preponderance. Mail does some time miscarry. There is a very substantial doubt created with respect to just what did happen in the present case, and I conclude that the plaintiff is entitled to the benefit of this doubt.

 Finally, it should be pointed out that it is not disputed that the excess of the paid premium was tendered in due course according to the terms of the policy, or that denial by the company that the policy was in force at the time of the accident in question is sufficient to constitute a waiver by the company of the assured's failure, which is found to be a fact, to give the requisite formal report of the accident in conformity with the requirements of the policy. See Fidelity & Casualty Co. v. Riley, supra.