## SEABOARD MUT. CASUALTY CO. v. PROFIT.
### No. 4534.

Circuit Court of Appeals, Fourth Circuit.
Jan. 8, 1940.

Roszel C. Thomsen and Walter L. Clark, both of Baltimore, Md. (Joseph Sherbow, of Baltimore, Md., on the brief), for appellant.

Zanvyl Krieger, of Baltimore, Md. (G. Randolph Aiken, Samuel S. Levin, and Ben B. Sellman, all of Baltimore, Md., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

SOPER, Circuit Judge.

The principal question in the case relates to the cancellation of an automobile public liability and property damage insurance policy, issued by Seaboard Mutual Casualty Company to Earl J. McCullough, covering his automobile. Carl Profit, plaintiff in the District Court, suffered injuries on June 25, 1938 caused by a collision between his car and the insured's, and recovered a judgment for $5,000 against McCullough in the State Court. Execution on the judgment produced nothing, whereupon Profit brought the pending suit against the Casualty Company under the customary provision of the policy, and in a trial before the District Judge, without a jury, obtained a judgment for the full amount. At the conclusion of the evidence, which brought out the circumstances hereinafter recited, the defendant moved for a directed verdict in its favor, but the motion was overruled and a judgment against it for the full amount was entered.

In considering the merits of the appeal, it must be borne in mind that Profit

stands in the same position as the insured would have occupied had he paid the judgment of the State Court against him and sued the Casualty Company on his policy. The defense in the pending suit is that by reason of the circumstances now to be set out, the policy has been effectually cancelled before the Profit accident occurred. McCullough took out his first policy with the Casualty Company in November, 1936, covering the period of the ensuing year. The next month he had an accident, and when the matter was referred to the company, failed to cooperate with it to its satisfaction. On January 1, 1937 the Home Office gave a direction to the Baltimore office of the company in the following words: "Mark your records insofar as McCullough is concerned that if he reports another accident, irregardless of whether he is at fault or not, you are, without any further notice from this office, to cancel the risk". At the expiration of the policy year in November, 1937 the policy in suit was issued. On April 23, 1938 McCullough was involved in another accident in which the automobile of one Housman was slightly damaged. McCullough gave the name of the Casualty Company to Housman, who telephoned the first notice of the accident to the Baltimore office of the company four days later. He talked with Margaret Cross, an employee; and thereupon, pursuant to the previous instructions of the Home Office, she prepared and mailed the following notice of cancellation addressed to McCullough and duly signed:

"Please take notice that Policy No. AL-5689 issued to you by Seaboard Mutual Casualty Company, is hereby cancelled, pursuant to the terms and conditions in said policy contained, such cancellation to take effect on the 2nd day of May, 1938 at 12.01 A. M. Standard Time, at the place where said policy was countersigned. This policy is cancelled due to request of underwriting dept."

The policy contains the following provision with respect to cancellation:

"This policy shall be cancelled at any time at the request of the Named Assured, in which case the Company shall, upon demand and surrender of this Policy, refund the excess of paid premium above the customary short rate premium for the expired term. This Policy may be cancelled at any time by the Company by giving to the Named Assured five (5) days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired term, which excess, if not tendered, shall be refunded on demand. Notice of cancellation mailed or delivered to the address of the Name Assured stated in this Policy shall be a sufficient notice. Where a special provision for cancellation and notice of such cancellation is required by statutory enactment in the State where this Policy is issued, the conditions of this Cancellation Clause are amended to conform thereto."

Miss Cross placed the notice of cancellation in an envelope bearing a two cent postage stamp, and directed it to McCullough at his address in Baltimore as stated in the policy, and delivered the letter to the Post Office Department in Baltimore on April 27, 1938, receiving a receipt therefrom acknowledging that it had received one piece of first class mail directed to the insured at the address on the envelope. The evidence that the notice of cancellation was mailed as described is very strong; the fact was assumed in the opinion of the District Judge which accompanied his verdict and it is not disputed in this court. The evidence as to whether the notice was actually delivered to the insured's residence and received by him was conflicting, and the District Judge found that the insured did not receive it. It is therefore important to observe that under the policy the notice of cancellation is sufficient if it is mailed or delivered to the address of the named assured stated in the policy. See Fidelity & Deposit Co. v. Riley, 168 Md. 430, 434, 178 A. 250. Both mailing and delivery are not required, and the District Judge so held.

It seems to be conceded, however, that the letter from the company did not conform to the policy requirement of five days' written notice, since it was mailed on April 27 and named May 2 as the effective date of cancellation; so that, Sunday intervening, and the day of mailing the notice of cancellation or the day of its receipt being excluded, not more than four days were left. See Brown v. Rasin Mon. Co., 98 Md. 1, 55 A. 391; Winter v. O'-Neill, 155 Md. 624, 142 A. 263. It was because of this defect that the District Judge held that the notice of cancellation was invalid, and that the policy was in effect when Profit was injured.

The judge called attention to the strong current of authority (see the cases col-

lected at 35 A.L.R. 900), which holds that a notice of immediate cancellation of an insurance policy, though defective in point of time, will be given effect after the lapse of the full time prescribed in the policy; but he pointed out that in the cases cited, actual delivery of the notice at the address of the assured was proved. He considered it a radical extension to apply the doctrine to cases where the proof shows mailing only and not actual delivery, since such a holding would defeat the basic purpose of the notice to advise the assured that he has a certain period, before the cancellation takes effect, within which to protect himself by curing his default or securing other insurance elsewhere. The judge also pointed out that if the notice of cancellation is prospective rather than immediate, a minority of the courts do not apply the general rule that a notice defective in point of time will be given effect after the lapse of the period prescribed in the policy (see the cases collected at 35 A.L.R. 904); and he suggested that the Maryland Court of Appeals belongs in this category because in two cases it has held that a prospective notice of cancellation is nugatory if the loss occurs before some additional definite act of cancellation takes place. American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373; German Fire Ins. Co. v. Clarke Co., 116 Md. 622, 82 A. 974, 39 L.R.A.,N.S., 829, Ann.Cas.1913D, 488.

In the pending case, the notice is one of immediate rather than of prospective cancellation. It states that the policy "is hereby cancelled, &c.". The question therefore is whether in the absence of a controlling Maryland decision or of any decision elsewhere on the precise point, we should apply the established rule to notices that have been mailed as well as to those which have actually been received by the assured. In our opinion we should do so. The reason advanced for the contrary view, that the insured would thereby be deprived of the opportunity to secure other protection, is not persuasive. Under the terms of his contract, which expressly sanctions the sufficiency of a notice deposited in the mail, proof of mailing without proof of actual delivery was enough. Fidelity & Deposit Co. v. Riley, 168 Md. 430, 178 A. 250; see note 7 L.R.A.,N.S., 253. It is manifest that a notice, which fully complies with the time interval in the policy, if mailed but not received, furnishes no greater actual notice to the insured than a notice defective in point of time, and it is equally clear that a defective notice, if received and construed to take effect only after the lapse of the full time, gives precisely the same protection as a notice which is correct in its contents. The insured has agreed to accept delivery to the post office as delivery to himself, and he runs the same risk and has the same advantage whether the notice mailed is perfect in form or is one which, though defective, will be so construed by the courts as to give him the advance notice of cancellation which the company has promised.

It is true, as pointed out by the judge, that in all of the cases collected at 35 A. L.R. 900, which hold that a defective notice becomes valid after the lapse of the prescribed period, actual delivery had taken place, but this fact loses its significance when it is borne in mind that under the standard form of policy in suit in these cases, delivery of the notice was essential to cancellation of the policy even though the notice was perfect in form. We find nothing in these cases which suggests that the principle enunciated should not be applied to notices that have been mailed as well as to those which have been delivered, when the policy makes either the mailing or the delivery of the notice sufficient to effect a cancellation.

We are bound in this case by the Maryland decisions; but American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373, and German Fire Ins. Co. v. Clarke Co., 116 Md. 622, 623, 82 A. 974, 39 L.R.A., N.S., 829, Ann.Cas.1913D, 488, above referred to, have little relevance to the question at issue. They emphasize the established rule that the conditions of a policy upon which rests the insurer's right of cancellation, must be strictly construed and strictly performed; but the rule was applied in both cases to a notice of cancellation which was construed to be not a notice that a policy had been cancelled, but a notice of an intent to cancel in the future. It was held that such a notice would not ipso facto work a cancellation, but to be effective, must be followed by some act clearly indicating that the company had put the intent to cancel into effect, and that this act could not be performed until the period of notice specified in the policy had expired. What would have been the result had a later attempt to cancel been made, the court found it unnecessary to consider. See American Fire Ins. Co. v. Brooks, 83 Md. 22, 35, 34 A. 373. These cases, there-

fore, are not exceptions to the general rule that a notice of immediate cancellation, defective in point of time, becomes operative upon the expiration of the period prescribed in the policy. They have been classified as exceptions to the rule as extended to notices of prospective cancellation; see 35 A.L.R. 904; cf. 6 Couch Enc. of Insurance, § 1437, note 7; but it seems more accurate to say that they merely hold that all prospective notices are nugatory until followed by some clear act of cancellation. In the pending case, however, the notice was immediate and no further act of cancellation remained to be performed; and in the absence of a controlling Maryland decision, we are at liberty to apply the rule supported by the current of authority with which we are in accord.

The judgment of the District Court will therefore be reversed and the case remanded with directions to enter a judgment for the appellant.

Reversed.