470 P.2d 600 (1970)
Alma F. OVERTURF, Plaintiff in Error,
v.
NATIONAL UNION FIRE INSURANCE COMPANY, Defendant in Error.
No. 70-033. (Supreme Court No. 22850.)
Colorado Court of Appeals, Div. I.
February 17, 1970.
*601 L. F. Butler, Ronald F. Flader, Denver, for plaintiff in error.
Weller, Friedrich & Hickisch, William H. Hazlitt, Denver, for defendant in error.
Not Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
This is an action on an automobile liability insurance contract brought by Alma F. Overturf, hereinafter referred to as the "plaintiff," against National Union Fire Insurance Company, hereinafter referred to as the "defendant." Plaintiff sought recovery from defendant for the amount of a default judgment obtained by plaintiff against an insured of the defendant, Richard A. Baker, whom we shall call "Baker." Such judgment was obtained in an action for damages resulting from an automobile collision between the plaintiff and Baker. The trial court, sitting without a jury, concluded from a stipulated written statement of facts and other documentary evidence that (1) the insurance contract was in full force and effect when Baker was involved in the automobile accident with the plaintiff; (2) Baker failed to give written notice to the defendant of the accident as required by Condition No. 3 of the policy; (3) Baker failed to cooperate with the defendant as required by Condition No. 5 of the policy; (4) Conditions 3 and 5 were conditions precedent to recovery under the policy; and (5) therefore the defendant had no indemnity liability for Baker's accident. In this writ of error plaintiff contends that the trial court erred in concluding that Baker had breached any conditions precedent of the policy.
Since this case was submitted to the trial court solely on documentary evidence, the presumption in favor of the correctness of the judgment is not conclusive and this court may determine the issue on the merits as determined by the record. Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095 (1956).
The record discloses that the accident involving plaintiff and Baker occurred on August 22, 1963. The investigating officer of this accident issued the plaintiff a traffic citation. One or two days after the accident Baker telephoned Insurance Underwriters, Inc., the agency through which he had obtained the policy involved here. Baker advised such agency that he had acquired another automobile and had been involved in a collision in this automobile. Baker also advised the agency that the accident was the fault of the plaintiff and that he expected plaintiff's insurance carrier to pay for the repairs to his, Baker's, car. On January 11, 1964, Baker was served with summons and complaint in the action brought by the plaintiff against him. Shortly after being served, Baker left the State of Colorado without forwarding the summons and complaint to defendant. It is undisputed that Baker himself never submitted any kind of written notice to the defendant. The first written information defendant received concerning plaintiff's claim against Baker was on February 11, 1964, when the defendant received a letter from plaintiff's then attorney. Thereafter defendant made an attempt to locate Baker by checking all of his known addresses, by mailing registered letters to each address, and by making outside inquiries. These attempts were unsuccessful, and the defendant refused to defend the action brought by the plaintiff against Baker. On April 14, 1964 a default judgment was entered in favor of the plaintiff and against Baker.
*602 The relevant provisions of the insurance policy involved here are as follows:

Condition No. 3
"In the event of accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable * * *" (Emphasis added)
Condition No. 5
"The insured shall cooperate with the company and, upon the company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. * * *"
Condition No. 6
"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy. * * *"
In Certified Indemnity Company v. Thomas C. Thun, 165 Colo. 354, 439 P.2d 28 (1968), our Supreme Court had occasion to determine the effect of conditions nearly identical to the ones in question here. The Court stated:
"Condition No. 7 of the insurance contract in issue here makes the giving of notice of an accident `as soon as practicable' a condition precedent to any action against the insurer.
"As to what constitutes a reasonable time within which notice must be given depends on the individual facts and circumstances of each particular case. Failure to notify the insurer within a reasonable time constitutes a breach of the contract requiring a justifiable excuse or extenuating circumstances explaining the delay. Unless the delay is so explained, the insurer cannot be held liable under the insurance contract to defend the insured and pay any judgments recovered against him."
Our Supreme Court held in that case that a delay of seventy-three days was not "as soon as practicable" under the circumstances of the case. Here, Baker never did submit written notice to the defendant of the accident in question. And where the policy requires written notice, verbal notification will not suffice. 8 Appleman, Insurance Law and Practice, § 4737; Annot. 18 A.L.R.2d at 459. Plaintiff contends that the technical requirement of a writing was satisfied when the defendant received notice of the claim against Baker from plaintiff's attorney. Even if we were to deem this contention sound, the "written notice" arriving almost six months after the accident would not, in our opinion, satisfy the timeliness requirement for written notification. Plaintiff further argues, however, that the period for giving notice was extended for three reasons: First, because the defendant had actual notice of the accident through its agent, Underwriters Insurance, Inc., shortly after the accident. Second, because Baker was not requested to submit a written notification of the accident by Underwriters Insurance, Inc., nor was he sent an accident form to fill out, and was therefore lulled into the belief that further notice was not required. Third, because Baker reasonably believed that he was not responsible for the accident.
With respect to the first and second points, plaintiff does not contend that the absence of a request from the agent for Baker to file a written report amounted to a waiver on the part of the defendant of the requirement of a written notice, and there is no evidence in the record that Baker was ever actively led to conclude that further notice was not required. It is our opinion that even if we were to rule here that the oral notice to the agent imputed *603 notice to the defendant, this would not, by itself in this case, relieve Baker from submitting the written information and notice required by the policy. To so rule would be tantamount to holding that the policy's requirement of a "written notice" was of no force and effect.
With respect to the third point, the only evidence indicating that Baker reasonably believed that he was not liable for the accident was the fact that plaintiff was given a traffic citation by the investigating officer. The law on this point is summarized in 8 Appleman, Insurance Law and Practice, § 4744, as follows:
"Some courts have allowed this excuse, where it appeared that the insured had exercised a high degree of care and had acted in good faith. * * * But other courts have adopted a stricter rule, which in effect makes the insured act at his peril in deciding the question of liability and failing to notify the insurer, even though his decision is reached in the utmost good faith. This would appear to be the sounder rule, because if the insured seeks to take it upon himself to decide that he and his insurer are not liable for the accident, he should bear the consequences of his sole decision. * * *"
It would make no difference which rule we followed here since the record does not support a finding that Baker "exercised a high decree of care and had acted in good faith." Moreover, this excuse would certainly be invalid considering the month's delay between the time Baker was served with suit papers and the time the defendant received the notice of the claim from plaintiff's attorney.
Since we have determined that Baker breached Condition No. 3, and thereby relieved defendant of any indemnity liability to Baker on Baker's insurance policy, it is not necessary to determine if a breach of Condition No. 5 also occurred.
It is settled law in this State that when an insured has forfeited his rights under an indemnity insurance policy one claiming against the insured must stand in the insured's shoes and is subrogated only to such rights against the insurance carrier as the insured had himself. Jorgensen v. St. Paul Insurance Company, 158 Colo. 466, 408 P.2d 66 (1965). The defendant is without any liability to plaintiff.
The judgment is affirmed.
DWYER and ENOCH, JJ., concur.