601 P.2d 353 (1979)
DAIRYLAND INSURANCE COMPANY, a Wisconsin Corporation, Plaintiff-Appellee,
v.
Emiliano MAREZ, James Marez, Bernadette Valdez and Julia Valdez a/k/a Julia Valdez Montoya, Defendants-Appellants.
No. 78-493.
Colorado Court of Appeals, Div. II.
June 28, 1979.
Rehearing Denied July 26, 1979.
Certiorari Granted October 9, 1979.
*354 Pryor, Carney & Johnson, Irving G. Johnson, Denver, for plaintiff-appellee.
Frye & Sawaya, Michael G. Sawaya, Denver, for defendants-appellants Emiliano Marez and James Marez.
Marilyn T. Meadoff, Denver, for defendants-appellants Valdez and Montoya.
ENOCH, Judge.
Defendants appeal from a declaratory judgment for plaintiff, Dairyland Insurance Company, in which the court concluded that there was no coverage under plaintiff's policy of insurance. We affirm.
Plaintiff was the insurer of an automobile owned by defendant Julia Valdez Montoya. At the time of the accident, Montoya's daughter, defendant Bernadette Valdez, was driving the car, and defendant James Marez was riding a bicycle. Marez collided with the automobile and sustained serious injuries. Neither Valdez nor Montoya notified plaintiff or its agent of the accident. Two and a half years later, Marez filed suit against Valdez and Montoya and served them with a summons and complaint. They did not notify plaintiff of the suit, nor did they forward the suit papers to plaintiff. Plaintiff learned of the suit only when Marez' attorney happened to mention the suit to plaintiff's claims adjuster during a meeting regarding an unrelated matter.
Plaintiff brought this declaratory judgment action alleging that defendants Montoya and Valdez breached two conditions of the insurance policy, thereby relieving plaintiff of liability. The conditions in the insurance contract read as follows:
"1. Notice of Accident . . .
When an accident occurs written notice shall be given by or on behalf of the Insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the Insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
2. Notice of Claim or Suit . . .
If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."
Ruling in favor of plaintiff, the trial court concluded that defendant's failure to notify plaintiff of the accident or to forward suit papers was unexcused and constituted a breach of contract.
Defendants first argue that the trial court erred in refusing to consider evidence that plaintiff was not prejudiced by the failure to comply with the two conditions of the contract. We disagree.
No Colorado case has addressed the question whether prejudice is a factor in determining an insurer's liability when the failure to give notice or forward suit papers is unexcused. In Barnes v. Waco Scaffolding & Equipment Co., Colo.App., 589 P.2d 505 (1978), we held that prejudice is irrelevant where delayed notice is excused. Where failure to give notice is unexcused, the Supreme Court, without addressing the issue of prejudice, has held that the insurer is relieved from liability under the contract. Certified Indemnity Co. v. Thun, 165 Colo. 354, 439 P.2d 28 (1968). See Barclay v. London Guarantee & Accident Co., 46 Colo. 558, 105 P. 865 (1909). Thus, under Colorado law, prejudice has not been a consideration regardless of whether notice is excused. We therefore hold that the trial court did *355 not err in not determining whether plaintiff was prejudiced by the delay.
In so holding we are not unaware of Jennings v. Horace Mann Mutual Insurance Co., 549 F.2d 1364 (10th Cir. 1977), in which the federal appellate court deduced that under Colorado case law prejudice is a factor to be considered in this type of case. We are of the opinion, however, not only that the controlling Colorado cases dictate the contrary, but also that the rule of law we are following is the more sound as a matter of policy. See Certified Indemnity Co. v. Thun, supra; Barclay v. London Guarantee & Accident Co., supra; Barnes v. Waco Scaffolding & Equipment Co., supra.
The purpose of the notification clause is to allow the insurance company the opportunity to make timely and adequate investigation and to facilitate reasonable compromises and settlements. Certified Indemnity Co. v. Thun, supra. Prejudice, or its nonexistence, is often difficult to prove several years after an accident. Thus, the inquiry relative to lack of notice should be limited to whether failure to give notice is excused. Where the delayed notice is excused, there is no breach of contract. Barnes v. Waco Scaffolding & Equipment Co., supra. Where breach of a condition is unexcused, the insurer is no longer bound to perform under its contract of insurance.
We also disagree with defendants' contentions that the failure of Montoya and Valdez to notify or to forward suit papers was excused. The court found, based on substantial evidence, that Montoya and Valdez both knew that Marez had sustained injuries severe enough to cause him to be hospitalized. Thus they were aware that liability was a possibility, but they did not contact their insurance company or its agent. Then they failed to forward suit papers to the insurance company, contrary to the specific condition in the policy. Therefore the evidence supports the trial court's conclusion that the delay was unreasonable and unexcused. See Barnes v. Waco Scaffolding & Equipment Co., supra.
Finally, defendants assert that Marez is a third-party beneficiary of the contract and is therefore entitled to recover despite the insured's failure to comply with the conditions. We disagree. This question is controlled by the ruling in Jorgensen v. St. Paul Fire & Marine Insurance Co., 158 Colo. 466, 408 P.2d 66 (1965), that an injured person stands in the shoes of the insured and is entitled to no greater rights than the insured.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.