John D. CAMPBELL and Ken Campbell, Petitioners,

v.

The HOME INSURANCE COMPANY, Respondent.

No. 79SC95.

Supreme Court of Colorado, En Banc.

May 4, 1981.

James H. Chalat, Denver, for petitioners.

Long & Jaudon, P. C., David B. Higgins, Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review *Mancillas v. Campbell v. Home Insurance Company*, 42 Colo.App. 145, 595 P.2d 267 (1979). We affirm.

Guadalupe Mancillas and Marie Weekes occupied a room at the Hi-U Motel in Commerce City on January 11, 1976, when they met their death as the result of carbon monoxide asphyxiation. A wrongful death action was commenced against John D. Campbell and Ken Campbell, the owners of the Hi-U Motel. The motel owners caused a third-party complaint to be issued against the Home Insurance Company, based upon the assertion that the Home Insurance Company issued liability insurance coverage for the motel and refused to provide a defense against the wrongful death actions. The Home Insurance Company filed a motion for summary judgment. The motion was supported by affidavits which established that notice of cancellation of the liability insurance policy was mailed to the motel owners more than ten days prior to January 11, 1976, the date when the deaths occurred. Pursuant to C.R.C.P. 56(b), summary judgment was granted to the third-party defendant, Home Insurance Company. Thereafter, the trial court made a finding that there was no just reason for delay, and directed that a final judgment be entered in favor of the Home Insurance Company. C.R.C.P. 54(b). The court of appeals affirmed the trial court, and we affirm the court of appeals.

On August 29, 1975, Home Insurance Company issued a liability insurance policy to John D. and Betty M. Campbell who were the owners and operators of the Hi-U

Motel. The policy provided coverage for bodily injury liability incurred on the premises of the Hi-U Motel. It is undisputed that the Campbells failed to pay the premium on the policy and that Home Insurance Company mailed a notice of cancellation to the Campbells, at the address shown in the policy, on November 21, 1975. The notice advised the owners of cancellation of the policy for non-payment of the premium. The cancellation was to be effective at 12:01 a. m. on December 1, 1975. Mancillas and Weekes were asphyxiated at the Hi-U on January 11, 1976. The Campbells denied receipt of the notice of cancellation, and claimed that the notice was void and that the policy was still in full force and effect.

A Condition provision of the liability insurance policy provided:

"11. Cancellation: ... This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period...."

The questions presented to us for review are: (1) whether the actual receipt of notice of cancellation by the insured is a prerequisite to cancellation of a liability insurance policy, and (2) whether notice of cancellation was vitiated by the inclusion of an effective date of cancellation that was earlier than the time required by the policy. The answer to both questions is no.

## I.

Home Insurance Company, in accordance with the provisions in the liability insurance policy, mailed a notice of cancellation to the Campbells at the address shown in the policy. By the plain terms of the policy, receipt of the notice is not a condition precedent to cancellation.

Consistent with a majority of the jurisdictions which have ruled on the issue and with our opinion in *Jorgensen v. St. Paul*

*Fire and Marine Insurance Co.,* 158 Colo. 466, 408 P.2d 66 (1965), we conclude that the mailing of the notice of cancellation to the owners at the address shown in the policy was the act required by the policy to effect cancellation and that receipt of the notice of cancellation was not required.

Here, the terms of the policy relating to cancellation are clear and unambiguous. The insurance contract sets forth the terms and conditions upon which liability coverage will be provided and the type of notice which is required to terminate the company's obligation to the insured. Receipt of notice is not required by the policy and if we were to require receipt of notice as a condition to cancellation, we would be imposing a burden on the insurance carrier which was not bargained for or included within the conditions of the policy. As we said in *Jorgensen v. St. Paul Fire and Marine Insurance Co., supra*:

"The insurance contract here contains the so-called 'standard form' cancellation clause. By its express terms it provides that mailing of notice shall be sufficient proof of notice. The terms of the contract, not being ambiguous, must be enforced as written and the Court cannot rewrite these terms. In the absence of a statute to the contrary, the validity of the 'standard form' cancellation clause such as the one in consideration here has been upheld by the overwhelming weight of authority. See 64 A.L.R.2d 982, 1000, and the cases collected therein." *Id.* at 470, 408 P.2d 66.

## II.

The Campbells' claim that even if the notice was properly mailed and actual receipt was not essential, the notice was ineffective because the date of cancellation in the notice was less than ten days after the notice was mailed. According to the Campbells, strict construction of the conditions for cancellation dictates that the ten day notice requirement is mandatory and that any notice which fails to provide ten days notice is void and of no effect. *Jorgensen*

*v. St. Paul Fire and Marine Insurance Co., supra.*

The reason behind the ten day notice provision in the policy is to provide the insured with an opportunity to obtain insurance with another company prior to the time that his insurance coverage is terminated. *Moore v. Vernon Fire and Casualty Insurance Co.,* 234 N.E.2d 661 (Ind.1968). A majority of the courts hold that a notice of cancellation which purports to cancel a policy of insurance at a time earlier than that fixed by the policy results in the postponement of cancellation until the time period set forth in the policy has expired. *See* Anno. 96 A.L.R.2d 286 and the cases cited therein. *See also, Farber v. Great American Insurance Co.,* 406 F.2d 1228 (7th Cir. 1969); *Moore v. Vernon Fire and Casualty Insurance Co., supra; Seaboard Mutual Casualty Company v. Profit,* 108 F.2d 597 (4th Cir. 1940).

█ If the insured does not receive notice of cancellation, he would have no reason to seek insurance from another company, and strict construction of the ten day notice requirement in the policy would not provide any additional protection to the insured. When notice of cancellation is not received by the insured, the time specified for termination of coverage is insignificant.

> "It is manifest that a notice, which fully complies with the time interval of the policy, if mailed but not received, furnishes no greater actual notice to the insured than a notice defective in point of time...." *Seaboard Mutual Casualty Company v. Profit, supra,* at 599.

*See also, Farber v. Great American Insurance Co., supra.*

█ Here, the notice of cancellation was mailed on November 21, 1975, with a declaration that the insurance coverage would end on December 1, 1975. Ten days notice was required by the policy. Therefore, cancellation was effective on December 2, 1975. January 11, 1976 was the date of the occurrence which gave rise to the Campbells' claim of coverage. Cancellation was effective on December 2, 1975, and the Home Insurance Company's obligations under the policy ended at that time. Therefore, summary judgment was properly granted.

Accordingly, we affirm the judgment of the court of appeals and the granting of summary judgment to the Home Insurance Company.