**FIRST FINANCIAL INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**ALBERTSON'S, INC., Defendant–Appellant.**

**No. 03CA0010.**

Colorado Court of Appeals, Div. IV.

March 25, 2004.

Wood, Ris & Hames, P.C., William A. Rogers, III, Denver, Colorado, for Plaintiff–Appellee.

Retherford, Mullen, Johnson & Bruce, LLC, Anthony A. Johnson, Patrick R. Salt, Colorado Springs, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

In this declaratory judgment action, defendant, Albertson's, Inc., appeals the summary judgment in favor of plaintiff, First Financial Insurance Company. We affirm.

First Financial issued an insurance policy to a janitorial company, Delta Maintenance, which had a contract with Albertson's for cleaning services. Albertson's sought defense and indemnity from First Financial under that policy in connection with claims brought against Albertson's by a customer for injuries sustained on its property. First Financial sought a declaratory judgment that the policy did not cover Albertson's liability for the claimed injuries.

The parties entered into a set of stipulated facts. On cross-motions for summary judgment, the trial court held that Albertson's was not covered under the policy because Delta had misrepresented material facts to First Financial and the policy was therefore void. The court also found that Albertson's was not an additional insured on the policy at the time of the injury. Accordingly, the court granted First Financial's motion for summary judgment.

We conclude that the trial court correctly found that the policy did not apply because, at the time of the customer's injury, Albertson's was not an additional insured on the policy.

■ We review an order granting summary judgment de novo. Summary judgment is appropriate when the pleadings and supporting documents demonstrate that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. *Franklin Bank v. Bowling*, 74 P.3d 308, 311 (Colo. 2003).

Here, the parties stipulated to the following pertinent facts. On September 25, 1998, in consideration of an additional premium of $200, First Financial added Endorsement Number 4 to the policy listing Albertson's as an additional insured. On October 21, 1998, First Financial added Endorsement Number 5, which expressly nullified Endorsement Number 4 retroactive to September 25, 1998, in consideration of the return of the additional premium. The claimed injury at issue occurred on October 23, 1998. Thus, at the time of the alleged injury, Albertson's was no longer an additional insured on the policy.

■ Albertson's argues that Endorsement Number 5 did not effectively remove Albertson's as an additional insured, because First Financial did not mail notice of the change at least forty-five days prior to its effective date. We disagree.

In support of its argument, Albertson's cites a provision of the policy that provides that First Financial "may cancel this policy by mailing through first-class mail to the first Named Insured [Delta] written notice of cancellation: ... (2) At least 45 days before the effective date of cancellation."

We disagree with Albertson's that this provision renders Endorsement Number 5 void, because we conclude that the removal of

Albertson's as an additional insured does not constitute a "cancellation" that requires notice under the policy.

An insurance policy is a contract that courts should interpret in line with well-settled principles of contract interpretation. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo.2003). In interpreting an insurance policy, the starting point is the plain language of the contract and the intent of the parties as expressed in that language. Courts should read the provisions of the policy as a whole, rather than reading them in isolation. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, supra.

Any ambiguities in the contract are construed against the insurer as its drafter. *State Farm Mut. Auto. Ins. Co. v. Nissen*, 851 P.2d 165, 166 (Colo.1993). However, this rule of construction against the insurer cannot be applied where the language is unambiguous and there is nothing to construe. *See Jorgensen v. St. Paul Fire & Marine Ins. Co.*, 158 Colo. 466, 470, 408 P.2d 66, 68 (1965).

A court's interpretation of an insurance contract is a question of law, subject to de novo review. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, supra.

Here, by its terms, the cancellation provision only refers to cancellation of "this policy" or "the policy" and not to an endorsement change or deletion of an additional insured from the policy itself. First Financial did not cancel the policy and insurance contract with Delta. Rather, it simply changed one of the endorsements to the policy by deleting Albertson's as an additional insured.

In Colorado, the term "cancellation" in the insurance context has not been used to refer to the voiding of an endorsement, an alteration in a policy, or any change other than a complete cancellation of the entire policy. *See, e.g., Jorgensen v. St. Paul Fire & Marine Ins. Co.*, supra (referring to "standard form" cancellation clause where policy may be cancelled by mailing notice to insured); *Omni Dev. Corp. v. Atlas Assurance Co.*, 956 P.2d 665, 668 (Colo.App.1998) (cancellation and nonrenewal notification provision applicable to "termination of policy").

Furthermore, at least one jurisdiction has specifically held that the term "cancellation" in an insurance policy refers to an abrogation of the entire policy or that portion of the policy that remains unperformed at the time of cancellation. *See Lovy v. State Farm Ins. Co.*, 117 Cal.App.3d 834, 173 Cal.Rptr. 307 (1981).

In *Lovy v. State Farm*, the court held that a provision requiring the insurer to give notice of cancellation to the named insured did not apply to an endorsement that merely deleted an additional insured from coverage under the policy. The court in *Lovy* stated, "[The endorsement] was not a 'cancellation' of the policy within the insurance usage of the term. . . . [The endorsement] did not purport to abrogate the policy, but only affected a modification of the policy by deleting an additional insured." *Lovy v. State Farm*, supra, 117 Cal.App.3d at 869, 173 Cal.Rptr. at 327. We find the holding in *Lovy* persuasive and consistent with a plain language interpretation of the provisions in the policy here.

We thus conclude, as in *Lovy v. State Farm*, that Endorsement Number 5 removing Albertson's as an additional insured was not a cancellation of the policy and that, therefore, First Financial was not required to give notice of it under the cancellation provision of the policy. Therefore, Endorsement Number 5 was valid and, at the time of the alleged injury, Albertson's was not insured under the policy.

We also reject Albertson's argument that the Separation of Insureds provision of the policy created a separate policy covering Albertson's that required cancellation and appropriate notice. That provision states:

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured [Delta], this insurance applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought.

By its terms, this provision defeats rather than supports Albertson's position. The provision does not allow for separation of insureds with respect to any rights specifically assigned to Delta, as the first Named Insured under the policy. The cancellation provision specifically assigns the right to notice of cancellation to the first Named Insured. Thus, the Separation of Insureds provision does not apply here.

Albertson's reliance on Colorado Department of Regulatory Agencies Regulation No. 6–1–1, 3 Code Colo. Regs. 702–6, is also misplaced. That regulation deals with endorsements that alter coverage limits on an existing policy, a circumstance not at issue in this case.

Because we conclude that Albertson's was not insured under the policy at the time of the alleged injuries, we need not address Albertson's remaining contentions.

Judgment affirmed.

Judge CASEBOLT and Judge GRAHAM concur.